# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC REICHBART, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-01876-NIQA |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |
| JOSEPH STALLONE, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-01901 |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING COORDINATED PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

THIS MATTER, having come before the Court by the Plaintiffs in the above-captioned cases by their Motion to Consolidate Cases and to Appoint Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 42(a) and 23(g), and supporting materials, and the Court having read the papers, IT IS ORDERED that the Motion is GRANTED as set forth below:

1.     The Court hereby consolidates *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876-NIQA (E.D. Pa.) (the "*Reichbart* Action"), and *Stallone v.*

*Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01901 (E.D. Pa.) (the "*Stallone*

Action"), as well as any future related actions, under the docket number of the first-filed *Reichbart*

Action (No. 2:24-cv-01876-NIQA) (collectively the "Consolidated Action"). The clerk is direct to

administratively terminate the *Stallone* Action.

2.      The case file for the Consolidated Action will be maintained under Master File No.

2:24-cv-01876-NIQA.

3.      Any action subsequently filed in, transferred to, or removed to this Court that arises

out of the same or similar operative facts as the Consolidated Action shall be consolidated with

the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action

whenever a case that should be consolidated into this action is filed in, transferred to, or removed

to this District.

4.      If the Court determines that the case is related, the clerk shall:

   a.      Place a copy of this Order in the separate file for such action;

   b.      Serve on Plaintiffs' counsel in the new case a copy of this Order;

   c.      Direct that this Order be served upon Defendant(s) in the new case; and

   d.      Make appropriate entry in the Master Docket.

5.      Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Mariya Weekes of

Milberg Coleman Bryson Phillips Grossman, PLLC, Andrew W. Ferich of Ahdoot & Wolfson,

PC, and Kristen Lake Cardoso of Kopelowitz Ostrow P.A. as interim co-lead class counsel to act

on behalf of the Plaintiffs and the class members in the Consolidated Action, with the

responsibilities set forth below:

   a.      Determine and present (in briefs, oral argument, or such other fashion as
           may be appropriate, personally or by a designee) to the Court and opposing
           parties the position of the Plaintiffs on all matters arising during pretrial
           proceedings;

b.   Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c.   Convene meetings amongst counsel;

d.   Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e.   Delegate specific tasks to the Plaintiffs' Steering Committee in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f.   Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g.   Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h.   Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i.   Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j.   Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel *via* the Court's electronic filing system);

k.   Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l.   Make available to other Plaintiffs' counsel documents produced by the Defendants; and

m.   Allocate attorneys' fees.

6.   Any additional plaintiffs' counsel will perform work in this litigation only at the direction of interim co-lead class counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through interim co-lead class

counsel and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of interim co-lead class counsel.

7.      Interim Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with interim co-lead class counsel, and such agreements shall be binding on all other plaintiffs' counsel.

8.      This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts and the data breach underlying this litigation.

9.      Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that interim co-lead counsel are aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently consolidated with the above actions.

10.     Plaintiffs in the Consolidated Action shall file an operative, consolidated complaint within thirty (30) days of this Order. The parties will meet and confer about a motion to dismiss briefing schedule and submit a stipulated briefing schedule to the Court.


        **SO ORDERED.**


Dated: _____, 2024          _____
                                              Honorable Nitza I. Quiñones Alejandro
                                              United States District Judge