# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

.

| | |
|---|---|
| MARC REICHBART, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-01876-NIQA |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |
| JOSEPH STALLONE, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-01901-NIQA |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |
| ALISON CROTEAU, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-01946-NIQA |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |

| | |
|---|---|
| KEVIN BROOKS, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-02007-NIQA |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |
| JESSE R. APTHORP, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-02024-PD |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |
| MICKEY HWANG, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-02033-NIQA |
| Plaintiff, | CLASS ACTION |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | |

SOPHIE CAHEN VORBURGER, individually
and on behalf of all others similarly
situated,

               Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

               Defendant.

Case No. 2:24-cv-02045-NIQA

CLASS ACTION

---

DANA KERR, individually
and on behalf of all others similarly
situated,

               Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

               Defendant.

Case No. 2:24-cv-02075-NIQA

CLASS ACTION

---

DERRICK VINES and BRADFORD WICKS,
individually and on behalf of all others
similarly situated,

               Plaintiffs,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

               Defendant.

Case No. 2:24-cv-02085-NIQA

CLASS ACTION

GRIFFIN R. WAGNER, individually
and on behalf of all others similarly
situated,

Case No. 2:24-cv-02119-NIQA

        Plaintiff,

CLASS ACTION

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

        Defendant.

---

JEROME FRASIER, individually
and on behalf of all others similarly
situated,

Case No. 2:24-cv-02121-NIQA

        Plaintiff,

CLASS ACTION

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

        Defendant.

---

DUSTIN BUSBY, individually
and on behalf of all others similarly
situated,

Case No. 2:24-cv-02129-TJS

        Plaintiff,

CLASS ACTION

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

        Defendant.

TIMOTHY COURTNEY, individually
and on behalf of all others similarly
situated,

                 Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC. d/b/a FBCS, INC.,

                 Defendant.

Case No. 2:24-cv-02153-NIQA

CLASS ACTION

---

ONIEQUE MORGAN, individually
and on behalf of all others similarly
situated,

                 Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

                 Defendant.

Case No. 2:24-cv-02163--NIQA

CLASS ACTION

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF
COORDINATED PLAINTIFFS' AMENDED MOTION TO
<u>CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL</u>**

## **TABLE OF CONTENTS**

I.      BACKGROUND ....................................................................................................4

II.     ARGUMENT ........................................................................................................5

    A.      The Related Actions Should Be Consolidated ........................................5

    B.      The Court Should Appoint Proposed Class Counsel................................7

        1.      Appointing a Three-Lawyer Interim Co-Lead Counsel Structure Is
            Appropriate Given the Complexity of the Litigation and Claims ......................7

        2.      Legal Standard for Lead Counsel Appointment .................................8

            a.      Proposed Interim Co-Lead Counsel and Their Law Firms Have
                Performed Substantial Work in Identifying and Investigating the
                Claims in This Action ...............................................................9

            b.      Proposed Interim Co-Lead Counsel and Their Law Firms Have
                Substantial Knowledge About and Are Experienced in Leading and
                Successfully Resolving Data Privacy Class Actions ...........................10

            c.      Proposed Interim Co-Lead Counsel Are Committed to Representing
                and Advancing the Interests of the Class ...............................26

            d.      Additional Factors Supporting Appointment Under Rule 23(g)(1)(B).27

III.    CONCLUSION ....................................................................................................29

i

# TABLE OF AUTHORITIES

## CASES

*Beture v. Samsung Elecs. Am., Inc.,*
  No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018) .............................8

*Cartee-Haring v. Cent. Bucks Sch. Dist.,*
  No. 20-cv-1995, 2021 WL 5506419 (E.D. Pa. Nov. 24, 2021) ...................................................6

*Collins v. Rutter's Inc.,*
  No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 52214 (M.D. Pa. Mar. 26, 2020) ..........................6

*Demarco v. Avalonbay Cmtys., Inc.,*
  No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344 (D.N.J. Mar. 17, 2015) ..............................8

*DiPierro, et al. v. Florida Health Sciences Center, Inc.,*
  No. 8:23-cv-01864-KKM-NHA (M.D. Fla.) ............................................................................11

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,*
  339 F. 2d 673 (3d Cir. 1964).......................................................................................................6

*Fulton-Green v. Accolade, Inc.,*
  No. 18-cv-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019)...................................................10

*Gordon v. Chipotle Mexican Grill, Inc.,*
  No. 17-cv-1415, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) .................................................10

*Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care,*
  No. 2:24-cv-01148-MMB (E.D. Pa. Apr. 30, 2024).....................................................................6

*In re Shop-Vac Mktg. & Sales Practices Litig.,*
  No. MDL No. 2380, 2013 U.S. Dist. LEXIS 7023 (M.D. Pa. Jan. 17, 2013) ........................8, 9

*In re Terazosin Hydrochloride Antitrust Litig.,*
  220 F.R.D. 672 (S.D. Fla. 2004)...............................................................................................11

*In re: MoveIt Customer Data Security Breach Litigation,*
  No. 1:23-md-03083 (D. Mass.)...................................................................................................11

*In Re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation,*
  No. 2:22-md-03025-MHW-CMV (N.D. Ohio) ..........................................................................11

*Leitermann, et al. v. Forefront Dermatology SC, et al.*,
No. 1:21-cv-00887-LA (E.D. Wis.) ..................................................................................11

*Nelson v. Connexin Software Inc.*,
No. 2:22-CV-04676, 2023 WL 2721657 (E.D. Pa. Mar. 30, 2023) ...........................................7

*Outten v. Wilmington Tr. Corp.*,
281 F.R.D. 193 (D. Del. 2012) ..........................................................................................11

*Tolmasoff v. General Motors, LLC*,
No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) .................................8

**OTHER AUTHORITIES**

Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and
Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018) ....................................................................28

Manual for Complex Litigation (4th ed. 2004) ..........................................................3, 8, 28

**RULES**

Fed. R. Civ. P. 23(g) ................................................................................................*passim*

Fed. R. Civ. P. 23(g)(1) ....................................................................................................9

Fed. R. Civ. P. 23(g)(1)(A) ..............................................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(i) ..........................................................................................10

Fed. R. Civ. P. 23(g)(1)(A)(iii)-(iii) ...................................................................................10

Fed. R. Civ. P. 23(g)(1)(A)(iv) .........................................................................................27

Fed. R. Civ. P. 23(g)(1)(B) ..............................................................................................27

Fed. R. Civ. P. 23(g)(3) ....................................................................................................8

Fed. R. Civ. P. 23(g)(4) ....................................................................................................9

Fed. R. Civ. P. 42(a) ....................................................................................................5, 6

Plaintiffs Marc Reichbart, Joseph Stallone, Alison Croteau, Kevin Brooks, Mickey Hwang, and Dana Kerr ("Coordinated Plaintiffs") seek entry of an order pursuant to: (1) Fed R. Civ. P. 42(a), consolidating the above-captioned actions, as well as any future related actions that may be filed in, or transferred or removed, to this Court, under the docket of the first-filed *Reichbart* Action (No. 2:24-cv-01876-NIQA) (collectively "Related Actions"); and (2) Fed. R. Civ. P. 23(g), appointing Andrew W. Ferich of Ahdoot & Wolfson, PC ("AW"), Kristen Lake Cardoso of Kopelowitz Ostrow Ferguson Weiselberg Gilbert ("KO"), and Charles E. Schaffer of Levin Sedran & Berman, LLP ("LS") as Interim Co-Lead Counsel; appointing Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"), Tyler Bean of Siri & Glimstad LLP ("SG"), and Jennifer M. French of Lynch Carpenter, LLP ("LC") to a Plaintiffs' Executive Committee ("PEC"); and appointing Benjamin F. Johns of Shub & Johns LLC ("SJ") as Liaison Counsel (collectively "Proposed Class Counsel").

Proposed Interim Co-Lead Counsel recognize the magnitude of this litigation with nearly 2.7 million potential class members which may result in additional Related Actions being filed. Rather than await a drawn-out consolidation and leadership appointment process (if and when those cases are filed), in the spirit of efficiency and inclusion, Proposed Interim Co-Lead Counsel request that the Court appoint the proposed leadership structure comprised of qualified attorneys, who are well-versed in data breach and privacy law. Without such a mechanism, the litigation may not advance for months while plaintiffs' lawyers debate consolidation and who should be selected to work on this significant litigation.

Consolidation of the Related Actions is appropriate because they arise from the same nucleus of operative facts—a data breach impacting Financial Business and Consumer Solutions,

Inc. ("FBCS") that reportedly exposed confidential and sensitive personally identification information of nearly two million individuals.

Appointment of interim class counsel here is particularly appropriate because, as described below, it is important for Plaintiffs' counsel representing the putative class to speak with one voice. Appointment of interim class counsel now will clarify the roles and responsibilities of counsel on behalf of the class. The risk of declining immediate appointment of interim class counsel includes: (1) duplicative and unnecessary litigation resulting in inefficiencies to the parties and the courts, and (2) a "reverse auction" whereby the lawyers who may subsequently file related cases seek to "sell" a settlement to the defendant at the lowest amount. Only through prompt appointment of well-qualified interim class counsel will the parties and the Court be assured these circumstances will not occur.

Proposed Interim Co-Lead Counsel are uniquely qualified to lead this litigation. Already, they have performed substantial work to identify and investigate potential claims in this case. They should be appointed as interim co-lead class counsel for at least the following reasons.

*First,* Proposed Interim Co-Lead Counsel have the experience to effectively lead this litigation on behalf of the putative class. They and their firms have been appointed to leadership positions in many privacy cases and other class actions affecting large classes. The qualifications and experience of Proposed Interim Co-Lead Counsel, other Proposed Class Counsel, and their firms is discussed in greater detail in the firm resumes attached as Exhibits 1-7.

*Second*, Proposed Interim Co-Lead Counsel and their respective data breach litigation teams possess extensive knowledge of the applicable law. Their lawyers have heavily litigated, conducted significant discovery (including depositions of information security officers, and technical and damages witnesses and experts), and briefed essentially every aspect of privacy class

action cases. Their experience will allow Plaintiffs' team to manage issues that are pivotal to the success of this case with great efficiency, including standing, technical issues related to data disclosures and class member identification, and damage evaluation.

*Third*, Proposed Interim Co-Lead Counsel have diligently investigated and prosecuted this case to date. The team has devoted substantial time to investigating the background facts, drafting separate detailed complaints, coordinating with other plaintiffs' counsel, and consulting with a data security expert who will address the extent to which data disclosed in the breach has been publicized for illegal purchase on the dark web or elsewhere. They have been contacted by numerous consumers about this matter, enabling them to thoroughly understand the ways in which consumers have been impacted by the data breach.

*Fourth*, the team will effectively manage the litigation. Proposed Interim Co-Lead Counsel and the other Proposed Class Counsel have led numerous complex litigations—including together—and believe that an efficient, well-defined team structure will produce the best results. To that end, Proposed Interim Co-Lead Counsel have agreed to work cooperatively rather than filing competing leadership applications and were able to resolve questions of leadership structure through cooperative private ordering. Through the private ordering process, *see* Manual for Complex Litigation ("MCL"), §§ 10.22, 21.272 (4th ed. 2004), Proposed Interim Co-Lead Counsel have agreed to propose a three-lawyer lead counsel structure and creation of a supporting three-lawyer or three-law firm PEC with an eye toward maximizing litigation efficiency.

*Fifth*, the proposed slate includes diverse lawyers whose combined talent, resources, and perspectives will ensure the efficient and economical prosecution of the case. The diversity of the proposed slate reflects the diversity of the bar and the classes they seek to represent.

*Finally*, the team's members are attorneys at firms which, together, can commit, and will commit, sufficient resources to adequately represent the class.

For the foregoing reasons and those that follow, Coordinated Plaintiffs respectfully request the Court consolidate the Related Actions, and appoint Proposed Interim Co-Lead Counsel, the Plaintiffs' Executive Committee, and Liaison Counsel.

## I.      BACKGROUND

Financial Business and Consumer Solutions, Inc. is a Hatboro, Pennsylvania-based, nationally licensed debt collection agency that provides accounts receivable management and collection services across a variety of industries. It discovered a data breach ("Data Breach") beginning on or about February 26, 2024. FBCS's investigation revealed that its network was subject to unauthorized access between February 14-26, 2024, and the unauthorized actor(s) was able to view or acquire certain information on the FBCS network during that period. According to FBCS's breach notice letters, the information accessed includes sensitive personal information involving names, Social Security numbers, dates of birth, and account information.

The cases filed to date are listed below:

1. *Reichbart. v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876-NIQA (E.D. Pa.), filed May 2, 2024;

2. *Stallone v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01901 (E.D. Pa.), filed May 4, 2024;

3. *Croteau v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01946 (E.D. Pa.), filed May 7, 2024;

4. *Brooks v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02007 (E.D. Pa.), filed May 10, 2024;

5. *Apthorp v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02024 (E.D. Pa.), filed May 10, 2024;

6. *Hwang v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02033 (E.D. Pa.), filed May 13, 2024;

7. *Vorburger v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02045 (E.D. Pa.), filed May 13, 2024;

8. *Kerr v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02085 (E.D. Pa.), filed May 15, 2024;

9. *Vines v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02085 (E.D. Pa.), filed May 15, 2024;

10. *Wagner v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02119 (E.D. Pa.), filed May 17, 2024;

11. *Frasier v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02121 (E.D. Pa.), filed May 17, 2024;

12. *Busby v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02129 (E.D. Pa.), filed May 17, 2024;

13. *Courtney v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02153 (E.D. Pa.), filed May 20, 2024; and

14. *Morgan v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-02163 (E.D. Pa.), filed May 21, 2024;

The Related Actions involve numerous common questions of law and fact, a common defendant, and relate to the same Data Breach. While Coordinated Plaintiffs' counsel could have each moved for competing leadership positions, they met and conferred and agreed to combine forces through the private ordering process to voluntarily coordinate and jointly litigate for the benefit of the class.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." *Cartee-Haring v. Cent. Bucks Sch. Dist.*, Case No. 20-cv-1995, 2021 WL 5506419, at *1 (E.D. Pa. Nov. 24, 2021) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F. 2d 673, 675-76 (3d Cir. 1964)). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care,* Case No. 2:24-cv-01148-MMB (E.D. Pa. Apr. 30, 2024) (consolidating two related actions, as well as any future actions, arising out of a data breach, and appointing interim co-lead counsel); *Collins v. Rutter's Inc.*, Case No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 52214, at *6 (M.D. Pa. Mar. 26, 2020) (consolidating two actions, and any future actions, arising out of a data breach, and appointing interim co-lead counsel).

As noted above, the complaints in the Related Actions relate to common factual allegations and legal theories. They assert multiple common causes of action against the same defendant—FBCS—relating to the same factual underpinnings and seek the same relief in response to the same event, i.e., the Data Breach. The Related Actions each seek certification of similar or overlapping classes and allege that Plaintiffs and class members suffered harm because their sensitive personal information was exposed to third parties without their authorization. Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception, and it will avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. The Related Actions present the quintessential consolidation scenario, and the Court should consolidate them to ensure judicial

economy and preserve party resources. *See, e.g., Nelson v. Connexin Software Inc.*, No. 2:22-CV-04676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) (consolidating similar data breach class actions filed in the same district court).

**B.     The Court Should Appoint Proposed Class Counsel**

**1.     Appointing a Three-Lawyer Interim Co-Lead Counsel Structure Is Appropriate Given the Complexity of the Litigation and Claims**

Proposed Interim Co-Lead Counsel and their team believe a three-lawyer leadership structure is the most efficient way to successfully litigate this action and pursue the best recovery for Plaintiffs and the class. Given the enormity of the class (nearly 2.7 million people), the complexity of the claims, the number of claims alleged, and the sophistication of the clients involved, this structure will maximize recovery, while ensuring efficient prosecution of the claims. Because FBCS is a lucrative, national debt collection agency with substantial resources and top-tier representation, the proposed leadership structure ensures that Plaintiffs will have the necessary resources to litigate the consolidated action. Plaintiffs will have the essential lawyers and capital needed to oppose this corporate defendant.

During all phases of the litigation, Proposed Interim Co-Lead Counsel will, among other things: (i) organize and supervise the efforts of other Proposed Class Counsel and other Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically; (ii) delegate work responsibilities as needed, and monitor the activities of any additional Plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and expense are avoided; (iii) speak for Plaintiffs at all conferences and hearings; (iv) be the only attorneys authorized to  initiate and conduct discussions and negotiations with counsel for FBCS related to the putative class, on all matters, including settlement; (v) determine (after consultation with other co-counsel as may be appropriate) and

present in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings; (vi) enter into stipulations with opposing counsel as necessary for the conduct of the litigation; (vii) select, consult with, and employ experts, as necessary, for Plaintiffs; (viii) initiate and conduct discovery on Plaintiffs' behalf, and coordinate its efficiency; and (ix) perform such other duties in connection with prosecuting the claims in this action.

### 2.        Legal Standard for Lead Counsel Appointment

"Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig.*, MDL No. 2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g)). Early appointments are beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11; *see, e.g.*, *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow"). Early appointments are particularly important where, as here, other cases may be filed by other counsel in this and other courts. *See, e.g., Beture v. Samsung Elecs. Am., Inc.,* No. CV 17-5757 (SRC), 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."); *Demarco v. Avalonbay Cmtys., Inc.*, Civil Action No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344, at *7 (D.N.J. Mar. 17, 2015) (early appointment "will promote clarity, efficiency, and greater coordination").

"The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel." *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 7023, at *6. As a result, courts appointing interim class counsel under Rule 23(g)(1)(A) consider:

(i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

*Id.* (citing Fed. R. Civ. P. 23(g)(1)).

As discussed below, each of the relevant Rule 23(g) factors demonstrates that Proposed Interim Co-Lead Counsel, and their law firms are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

### a. Proposed Interim Co-Lead Counsel and Their Law Firms Have Performed Substantial Work in Identifying and Investigating the Claims in This Action

Proposed Interim Co-Lead Counsel and their law firms have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Breach and this litigation. Proposed Interim Co-Lead Counsel and their law firms are familiar with the facts and legal issues in this matter based upon their detailed investigation and as a result of communicating with affected persons potentially impacted by the Data Breach.

Their law firms continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to, the following:

(a) reviewing consumer communications concerning the Data Breach; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the Data Breach's consequences, and FBCS's public response regarding the same; (d) researching potential claims arising from the Data Breach and defenses thereto; (e) preparing and filing separate, detailed complaints; (f) consulting with and retaining a technical expert to determine whether and the extent to which information disclosed during the Data breach has been made available for sale or otherwise publicized on the dark web; and (g) using their research to begin preparing a detailed, consolidated class action complaint.

Proposed Interim Co-Lead Counsel and their law firms have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue devoting the substantial effort and resources (including the advancement of costs) necessary for advancing Plaintiffs' and class members' claims. The Rule 23(g)(1)(A)(i) factor is satisfied.

### b. Proposed Interim Co-Lead Counsel and Their Law Firms Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions

The Rule 23(g)(1)(A)(ii)-(iii) factors are also satisfied. Data privacy cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, Case No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200

(D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Class Counsel and their firms have extensive experience leading and litigating data privacy matters against large corporate defendants such as GEICO, Apple, Google, Zoom, Tik Tok, Kroger, Wawa, Rutter's, GameStop, Managed Care of North America, Fortra, MoveIt, NationsBenefits, Johnson & Johnson, Prudential Insurance Co., Tyco International Ltd., among others. And they have done so together in other cases. *See, e.g., Leitermann, et al. v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.) (health information data breach class action where final settlement approval was granted and AW and Milberg were appointed as class counsel); *DiPierro, et al. v. Florida Health Sciences Center, Inc.*, Case No. 8:23-cv-01864-KKM-NHA (M.D. Fla.) (health information data breach class action where KO law firm is leading for Plaintiffs, and AW is supporting the litigation); *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *In Re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*, 2:22-md-03025-MHW-CMV (N.D. Ohio) (where Milberg serves as co-lead class counsel in the multi-district litigation against Procter & Gamble and successfully reached a settlement valued over $10 million).

As demonstrated below, Proposed Interim Co-Lead Counsel and their firms are highly qualified to lead this litigation and should be appointed as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g). *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

### i.   *Proposed Interim Co-Lead Counsel*

**Andrew W. Ferich of Ahdoot & Wolfson, PC.**[1]  Andrew W. Ferich joined AW as a partner in 2021 and he has extensive experience serving in leadership and support roles in complex class actions, including some of the highest profile data privacy and consumer class action cases. Mr. Ferich is a leading national data privacy practitioner and his firm, AW, is one of the most recognizable data privacy and consumer class action law firms in the United States. Mr. Ferich is intimately familiar with the legal issues that will be at the center of this medical information data breach litigation, and he will harness his experience in, and knowledge of, this area of law to zealously advocate on behalf of Plaintiffs and the putative class members.

Examples of Mr. Ferich's leadership abound. He has been at the forefront of the highly publicized Accellion FTA data breach litigation announced in late 2020. In two of the Accellion cases, final approval was granted, and Mr. Ferich was appointed as co-lead class counsel. *See Harbour, et al. v. California Health & Wellness Plan, et al.*, No. 5:21-cv-03322 (N.D. Cal.) (Hon. Edward J. Davila) (approved $10 million nationwide class action settlement, that also provided robust injunctive relief); *Cochran, et al. v. The Kroger Co., et al.*, No. 5:21-cv-01887-EJD (N.D. Cal.), ECF No. 115 (approved $5 million nationwide class action settlement, that also provided robust injunctive relief).

Mr. Ferich has served or is serving as appointed class counsel in numerous data privacy and other consumer class actions. Below are a few additional examples of his numerous appointments and results in data privacy class actions:

---

[1] AW's firm resume is attached hereto as Exhibit 1.

- *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care,* Case No. 2:24-cv-01148-MMB (E.D. Pa.), a medical information data breach case where Mr. Ferich was recently appointed by this Court as one of interim co-lead class counsel;

- *In re Keystone Data Breach Litig.*, No. 1:22-cv-01643-CCC (M.D. Pa.), a health information data breach impacting hundreds of thousands of Pennsylvanians, where Mr. Ferich is appointed as interim co-lead class counsel, and reached a common fund settlement that received final approval in a state court companion case;

- *Nelson v. Connexin Software Inc. d/b/a Office Practicum*, No. 2:22-cv-04676-JDW (E.D. Pa.), a pediatric medical information data breach case that has received preliminary approval of a $4 million common fund settlement, where Mr. Ferich is appointed to a Plaintiffs' Steering Committee;

- *Pessia, et al. v. Warren General Hospital*, Case No. 501-23 (Pa. Common Pleas Warren Cty.), a health information data breach impacting nearly 200,000 patients, where Mr. Ferich is appointed as interim co-lead class counsel;

- *Leitermann, et al v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.), where the district court recently granted approval of a settlement in a medical privacy matter that included a $3.75 million common fund and appointed Mr. Ferich as class counsel;

- *Smeltz, et al. v. Logan Health, et al.,* No. A-DV-22-0124 (8th Judicial Dist. Ct., Cascade Cty. Mar. 31, 2022), a medical data breach class action where the sensitive information of hundreds of thousands of Montanans was reportedly exposed to cybercriminals. Mr. Ferich, with co-counsel, reached a $4.3 million common fund settlement with the defendant that has received final approval;

- *Lukens v. Utah Imaging Assocs.*, No. 210906618 (Dist. Ct. Salt Lake Cnty., Utah), a medical data breach case where Mr. Ferich is appointed one of settlement class counsel and helped establish a settlement fund of $2.1 million for approximately 583,642 victims;

- *Briscoe v. First Financial Credit Union*, Case No. D-202-CV-2022-02974 (New Mexico 2d Judicial Dist. Ct. Bernalillo Cty.), a financial information data breach class action where final approval of a $1.6 million common fund settlement was recently granted, and Mr. Ferich was appointed co-lead class counsel; and

- *Kesner, et al. v. UMass Mem'l Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct.), a medical data breach case where the parties agreed to a $1.2 million common fund settlement that has received final approval from the court, and Mr. Ferich is appointed class counsel.

Mr. Ferich is routinely appointed in other, non-privacy class actions. For example, in *Udeen v. Subaru of Am., Inc.*, No. 18-17334 (RBK) (JS) (D.N.J.), Mr. Ferich was co-lead counsel in a class action alleging a defect in Subaru's Starlink infotainment system. The case resulted in a settlement valued at $6.25 million, and the Court commended Mr. Ferich and his co-counsel, noting that the plaintiffs' team "are very skilled and very efficient lawyers . . . . They've done a nice job."); *see also Steinhardt, et al. v. Volkswagen Group of America, Inc., et al.*, No. 3:23-cv-02291-RK-RLS (D.N.J.) (Mr. Ferich is appointed co-lead counsel in lawsuit alleging defective alternator in certain Audi automobiles); *Cilluffo, et al. v. Subaru of America, Inc., et al.*, No. 1:23-cv-01897-RBK-MJS (D.N.J.) (Mr. Ferich is appointed co-lead counsel in second case against Subaru alleging defective Starlink infotainment systems in certain Subaru vehicles); *Smith, et al. v. VCA Inc., et al.*, No. 2:21-cv-09140-GW-AGR (C.D. Cal.) (Mr. Ferich is class counsel in approved ERISA class action settlement relating to case alleging excessive recordkeeping and administrative fees, and other fiduciary breaches).

As set forth in more detail in the AW's firm resume, Mr. Ferich and the lawyers at his firm have led and continue to lead many privacy cases, including those involving data privacy (*e.g.*, *Zoom, Ring, GEICO*), data breaches (*e.g.*, *Experian, Premera, Home Depot, OPM, Chipotle, Kroger, loanDepot*), geo-location tracking (*e.g.*, *Google Location History Litigation*), collection and storing of biometric information (*e.g.*, *Google, Shutterfly, Vimeo*), and TCPA violations (*e.g.*, *Hollister, American Eagle*), as well as many other types of consumer class actions (*e.g.*, *Eck*—$295 million class settlement against City of Los Angeles for unlawful utility taxes). Mr. Ferich and AW are well-equipped to lead this matter on behalf of the class.

**Kristen Lake Cardoso of Kopelowitz Ostrow Ferguson Weiselberg Gilbert.**[2]   Kristen Lake Cardoso is a partner of KO and has been practicing law for 16 years. Established in 1997, South-Florida based KO is one of the leading class-action lawsuit firms in the United States. KO has handled class actions in state and Federal courts throughout the country.

Ms. Cardoso is Co-Chair of KO's Cybersecurity Department. She currently serves as counsel in nationwide and statewide class action lawsuits concerning data breaches, as well as violations of state consumer protection statutes, false advertising, defective products, and breaches of contract. Ms. Cardoso has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts. She has also tried numerous cases at the state court level.

KO is counsel of record in approximately 100 pending data breach cases. Three notable cases in which KO is part of the leadership structure, all among the largest currently pending, include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals, where KO is Co-Lead Counsel for Plaintiffs; *Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), an MDL involving six million individuals, where KO is MDL Co-Lead Counsel; and *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.), affecting eleven million people, where KO is on the Plaintiffs' Executive Committee. KO is also Liaison Counsel in *Skurauskis v. NationsBenefits, LLC*, No.

---

[2] KO's resume is attached hereto as Exhibit 2.

2:23-cv-60830 (S.D. Fla.) and on the Executive Committee in *Doe v. Highmark, Inc.*, No. 2:23-cv-00250-NR (W.D. Pa.), to name a few.

In addition to data privacy and cybersecurity class actions, KO's attorneys are also regularly appointed lead counsel, co-lead counsel, liaison counsel, and class counsel in class actions in federal and state courts involving unlawful bank fees, antitrust, product liability, false advertising, insurance, and other consumer protection violations. KO is currently co-lead counsel in *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.), which is one of the largest mass tort and class actions in MDL history. For the past 13 years, KO has served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), another large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and as Liaison Counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) helping our clients recover $100 million and $26 million, respectively. To date, these efforts have resulted in the resolution of more than 150 class cases totaling billions of dollars for class members. In many of those settlements, KO also secured monumental and meaningful industry-altering practice changes collectively worth billions of dollars. Ms. Cardoso and KO are well-equipped to lead this matter on behalf of the class.

**<u>Charles E. Schaffer of Levin Sedran & Berman.</u>**[3] Charles E. Schaffer is a Philadelphia

native and partner with Levin Sedran & Berman, LLP ("Levin Sedran"), where he has practiced

for over two decades and leads the firm's consumer class action and data breach and privacy teams.

Levin Sedran is a Philadelphia law firm which has earned recognition as a "class-action

powerhouse" due to pioneering the use of class action which resulted in numerous record-breaking

recoveries over the last four decades, and as a result, are frequently called upon to lead some of

the largest MDLs and complex litigation.[4] *See* Exhibit 3. Mr. Schaffer's stock and trade is leading

complex litigation, having been appointed to twenty leadership positions in various MDLs by

various district courts across the nation and having served in over forty leadership positions in

non-MDL complex litigation. *See generally* Exhibit 3. He has focused his practice representing

consumers victimized by defective products, data breaches, and unfair or deceptive practices and

helped recover billions of dollars in compensation.[5] Of relevance, he has extensive experience

representing victims of data breaches and invasion of privacy, including serving in leadership and

---

[3] Levin Sedran & Berman's firm resume is attached hereto as Exhibit 3.

[4] *See, e.g., In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) ($6.75 billion-dollar settlement); *In re Nat'l Football League Players' Concussion Injury Litig.,* MDL No. 2323 (E.D. Pa.) (settlement in excess of $1 billion dollars); *In re Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (settlement in excess of $1 billion dollars).

[5] *See, e.g., Segebarth v. CertainTeed LLC,* No. 19-5500 (E.D. Pa.), (Lead Counsel, nationwide settlement valued at over $900 million); *In re: CertainTeed Corporation Roofing Shingle Product Liability Litigation,* MDL No. 1817 (E.D. Pa.) (Liaison Counsel, nationwide settlement valued at $687 to $815 million); *In re: CertainTeed Siding Litigation*, MDL No. 2270 (E.D. Pa) (Liaison Counsel, $103.9 million nationwide settlement ); *In re: JP Morgan Modification Litig.*, MDL No. 2290 (D. Mass.) (Lead Counsel , nationwide settlement valued at $506 million on behalf of bank customers wrongfully denied mortgage modifications); *Herrera v. Wells Fargo Bank, N.A.*, No. 8:18-cv-00332 (C.D. Cal.) (Lead Counsel, nationwide settlement in excess of $300 million to repay borrowers for prepaid GAP insurance and unwarranted fees); *In re Wells Fargo Ins. Mktg. Sales Prac. Litig.,* MDL No. 2797 (C.D. Cal) (Executive Committee, $423.5 million nationwide settlement to repay borrowers for unnecessary insurance and fees)*.

as class counsel in over twenty-five data breach class actions throughout the country and in this District, many of which include cases involving similar data security issues, data and claims brought in this matter. *See, e.g.*, *In re MoveIt Customer Data Security Breach Litigation*, MDL 3083 (D. Mass) (Lead Counsel, financial, health and personal data);[6] *Holden v. Guardian Analytics, Inc.*, No. 2:23-cv-02156 (D.N.J.) (Lead Counsel, financial and personal data); *In re: NCB Mgmt. Serv., Inc. Data Breach Litig.*, No. 2:23-cv-01236 (E.D. Pa.) (Liaison counsel, financial and personal data); *Hasson v. Comcast Cable Communications, LLC*, No. 2:23-cv-05039 (E.D. Pa.) (Executive Committee and Liaison counsel, personal data)*In re: Overby-Seawell Co. Cust. Data Sec. Breach Litig.*, MDL No. 3056 (N.D. Ga) (Executive Committee, financial and personal data); *Green v. Accolade, Inc.*, 2:18-cv-00274 (E.D. Pa.) (Lead Counsel, personal data); *Abdelmessih v. Five Below, Inc.*, 2:19-cv-01487 (E.D. Pa.) (Lead Counsel, personal data); *In re Wawa, Inc., Data Breach Litigation*, No. 19-6019 (E.D. Pa.) (Co-Chair of third-party discovery committee for financial track); *In re: Carrier IQ Consumer Privacy Litigation,* MDL No. 2330 (N.D. Cal.) (Executive Committee, personal data).[7] He is well versed in the factual and legal nuances of data breach cases, having dealt with the key issues that typically recur in data breach class actions i.e. defendants' duty to protect data, Article III standing, and damages.

Mr. Schaffer and his team have been at the forefront of this litigation and took a leadership role helping to organize and inform Plaintiffs' counsel, resulting in the proposal of a self-organized

---

[6] This is the largest data breach to date with over 100 million victims' PII and PHI compromised. Mr. Schaffer was selected as one of five lead counsel after the court reviewed applications and conducted interviews of over 50 applicants.

[7] He also served as a member of the litigation teams and assisted lead counsel in other major data breach cases, including *In re: Marriot Int'l Cust. Data Sec. Breach Litig.*, MDL No. 2879 (D. Md.) (PII compromised); *In re: Capital One Cons. Data Sec. Data Breach*, MDL No. 2915 (E.D. Va.) (PII compromised). *See also* Resume attached as Exhibit 3.

lead counsel structure consisting of the most experienced data privacy lawyers in the country. If appointed, he will continue to help lead and form efficient working groups for the benefit of the putative class. Mr. Schaffer is a demonstrated leader in both the bar and his community, served as a United States Marine, and devotes his time outside of the courtroom to advancing and protecting consumers' and military service members' interests.

### ii.   Proposed Executive Committee Members

**Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC.**[8] Mariya Weekes is one of the lead cybersecurity attorneys at the international plaintiffs' class action firm Milberg. Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[9] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[10] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys on staff and offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, who sat on the bench for five years. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate

---

[8] Milberg's firm resume is attached hereto as Exhibit 4.

[9] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[10] *See* https://milberg.com/precedent-setting-decisions/page/3/.

panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the state of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal. Since leaving the bench, she now represents individuals and other entities in class action litigation in both state and federal courts.

Ms. Weekes has extensive experience serving as leadership in numerous class actions, including as lead or co-lead counsel in large cases throughout the country. *See, e.g.*, *In Re: LoanCare Data Security Breach Litigation*, 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.5 million consumers); *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers);[11] *In Re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*, 2:22-md-03025-MHW-CMV (N.D. Ohio) (where Milberg serves co-lead class counsel in multi-district litigation against Procter & Gamble and successfully reached a settlement valued over $10 million); *Delahoy v. Samsung Electronics America Inc. et al.*, 2:22:cv-04132-CCC-CLW (D. NJ) (Milberg appointed as co-lead class counsel to represent a nationwide class alleging Samsung ranges create a safety risk to Plaintiffs and the

---

[11] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a class action involving 4 million consumers).

Class based upon their propensity for unintentional actuation). Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

**Tyler J. Bean of Siri & Glimstad LLP.**[12] Mr. Bean is an attorney at Siri & Glimstad LLP, a national class action firm that has served as class counsel in a broad spectrum of class action and civil rights cases nationwide and recovered compensation for millions of individuals. Mr. Bean's practice concentrates on complex civil litigation and consumer class actions, with a particular emphasis on data breach and privacy litigation. He has years of experience as a data breach and privacy lawyer, having played a significant role in successfully litigating dozens of data breach and privacy class actions from inception through discovery and leading to court approved settlement.

As a leading member of SG's data breach and privacy group, Mr. Bean oversees all data breach and privacy matters currently on SG's docket, including cases in which SG served or is serving as (1) settlement class counsel (*e.g., Carter, et al. v. Vivendi Ticketing US LLC d/b/a See Tickets*, No. 8:22-cv-01981 (C.D. Cal.), which received final approval for a settlement involving

---

[12] SG's Firm Resume is attached hereto as Exhibit 5.

437,310 class members and a $3,000,000 non-reversionary settlement fund; *Gilleo et al. v. California Pizza Kitchen, Inc*., No. 8:2021-cv-01928-DOC-KES (C.D. Cal.), which settled with over $2,000,000 of relief going to the class members; *Armstrong et al. v. Gas South, LLC*, Civil Action No. 22106661 (Sup. Ct. Cobb Cty., Ga.) which received final approval for a settlement involving 38,671 class members and valued at over $9 million; *Medina v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00480 (D. Del.), which received final approval for a settlement involving 33,000 class members and a $750,000 non-reversionary settlement fund; and *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100-AK, which received preliminary approval for a settlement involving roughly 490,000 class members and a $3,534,128.50 non-reversionary settlement fund), and (2) court-appointed interim class counsel (*e.g., Pulliam et al. v. West Technology Group*, Case No. 8:23-cv-159 (D. Neb.) (appointed as interim co-lead class counsel); *Perez v. Carvin Wilson Software LLC*, Case No. cv-23-00792 (D. Ariz.) (same), *Nulf v. Alvaria, Inc., et al*., Case No. 1:23-cv-10999 (D. Mass.) (same), *Rasmussen et al. v. Uintah Basin Healthcare*, Case No. 2:23-cv-00322 (D. Ut.) (same), *In re Family Vision Data Security Incident Litigation*, Case No. 2023CP0401671 (S.C., County of Anderson) (same); *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100 (D. Mass.) (same); *Boudreaux v. Systems East, Inc.*, Case No. 5:23-cv-01498 (N.D.N.Y.) (same); *Scott et al v. Union Bank and Trust Company*, Case No. 4:23-cv-03126 (D. Neb.) (same, the court commenting that "proposed interim co-lead counsel are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate these cases"); *In re Data Security Litigation Against Brightline, Inc.*, Case No. 3:23-cv-02132 (appointed as interim lead class counsel); and *Skurauskis, et al. v.*

22

*NationsBenefits Holdings, LLC, et al.*, Case No. 0:23-cv-60830 (S.D. Fl.) (appointed to the plaintiffs' executive committee)).

Mr. Bean was also most recently appointed as interim co-lead counsel in *In re Retina Group of Washington Data Security Incident Litigation*, Case No. 8:24-cv-00004 (D. Md.); *Pacheco et al. v. Community First Medical Center*, Case No. 2023-CH08487 (Cir. Court of Cook Cty., Ill.); *In re Clearwater Credit Union Data Security Incident Litigation*, Case No. DV-32-2023-0000761 (4th Judicial Dist., Missoula Cty., Mont.); and *In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident*, Case No. 2:23-cv-07498 (C.D. Cal.), as well as to the plaintiffs' executive committee in *Cain et al v. CGM, L.L.C. et al*, Case No. 1:23-cv-02604 (N.D. Ga.), *Krenk et al. v. Murfreesboro Medical Clinic, P.A. d/b/a Murfreesboro Medical Clinic & Surgicenter*, Case No. 2023-cv-81005 (Tenn. 16th Judicial Cir. Court, Rutherford Cty.), and *In re Zeroed-in Technologies, LLC Data Breach Litigation*, Case No. 2:23-cv-01131 (M.D. Fl.).

**Jennifer M. French of Lynch Carpenter, LLP.**[13] Jenn French is a partner at the national class action firm Lynch Carpenter, LLP and works in the firm's San Diego office. Her practice focuses on representing plaintiffs in privacy and data breach, employee wage and hour, and consumer protection cases. Ms. French joined Lynch Carpenter in February 2024 to expand her work representing consumers and plaintiffs on a national scale. She began her practice at the law firm of Cooley LLP in San Diego, California. Cooley is a large national firm that focuses, among other things, in complex litigation, including class action defense. Ms. French gained substantial experience representing defendants in class action and complex litigation matters while at Cooley and subsequent firms. Her extensive experience on the defense side provides Ms. French with a

---

[13] LC's firm resume is attached hereto as Exhibit 6.

unique perspective and insight that has proven effective in representing plaintiffs and plaintiff classes. In 2019, Ms. French joined a boutique class action firm in San Diego where she managed all the firm's cases from pre-trial through appeal. Ms. French secured tens of millions of dollars for plaintiffs in cases throughout California, including a $10 million settlement for patients in a privacy class action, *Jones v. Sharp Healthcare, et al.*, Case No. 37-2017-00001377-CU-NP-CTL (San Diego Cnty. Super. Ct., Sept. 29, 2023). Ms. French has been recognized by her peers as a Rising Star in 2014 and 2017-2019 and as a Super Lawyer since 2022. She is a Master in the Louis M. Welsh Chapter of the American Inn of Court and holds numerous leadership positions in national and local bar associations.

As the Duke Guidelines note, there is a substantial benefit in increasing leadership appointments for qualified women attorneys in large, consolidated class litigation, as it "will improve the likelihood of consideration of diverse ideas and perspectives."[14] Ms. French is a 44-year-old woman in her 15th year of practice. She has argued before the California Court of Appeal, is an accomplished trial attorney, and has the education, background and experience to effectively lead consolidated litigation. Historically, women have not been appointed to leadership positions at rates proportionate to their representation in the plaintiffs' bar.[15] Ms. French presents this Court with an opportunity to diversify the universe of Plaintiffs' counsel handling these types of cases and to reject the "repeat player" dynamic that too often pervades this segment of the legal

---

[14] Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 45 (2d ed. 2018), https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.
[15] *Id.*

profession. For these reasons, Ms. French respectfully submits her application to serve on the PEC in this case.

Ms. French will also benefit from the advice and support of other members of the Lynch Carpenter team, who have extensive experience in data breach and privacy litigation. As set forth in more detail in Lynch Carpenter's firm resume (*see* Exhibit 6), the firm has been at the forefront of data breach and privacy litigation and has generated seminal legal authority in both trial and appellate courts on data privacy issues. For example, Lynch Carpenter (then known as Carlson Lynch) forged the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The Pennsylvania Supreme Court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack. *See Dittman*, 196 A.3d at 1047.

Given Ms. French's experience, and Lynch Carpenter's deep institutional knowledge base, Ms. French will provide Plaintiffs and the putative class with the best of both worlds—the fresh, creative thought process of an experienced woman attorney, combined with direct experience and knowledge in complex, class action litigation, fully supported by one of the pioneering law firms for data breach and privacy litigation in the country.

### iii.    *Proposed Liaison Counsel*

**Benjamin F. Johns of Shub & Johns LLC.**[16] Mr. Johns is a founding partner at Shub & Johns LLC, which is headquartered in Conshohocken, Pennsylvania. He is qualified to serve as

_____

[16] Shub & John's firm resume is attached hereto as Exhibit 7

Plaintiffs' Liaison Counsel in this litigation due to his history of successfully prosecuting data breach and other complex class actions in this Court. As Judge Marston recently observed in appointing Mr. Johns interim co-lead counsel:

> Mr. Johns...possess[es] extensive experience with class actions and the types of claims asserted, as well as considerable knowledge of the applicable law in this case. Mr. Johns, specifically, has almost 20 years of experience with complex class action cases and has been appointed Lead Counsel in data breach cases over a dozen times in various jurisdictions across the country; he has been appointed Lead Counsel in the Eastern District of Pennsylvania no less than three times.

*Meyers v. Onix Grp., LLC*, No. CV 23-2288-KSM, 2023 WL 4630674, at *2 (E.D. Pa. July 19, 2023) (citations omitted).  He was appointed as one of four co-lead counsel to represent the consumer class by Judge Pratter in *In re Wawa, Inc. Data Security Litig.*, No. 2:19-cv-06019-GEKP (E.D. Pa.), and argued an appeal in that matter in the Third Circuit last year. Mr. Johns has also been appointed co-lead counsel in the following data breach cases in the Eastern District: *Nelson v. Connexin Software Inc. d/b/a Office Practicum*, No. 2:22-cv-04676-JDW (E.D. Pa.) (co-lead counsel; $4 million settlement pending final approval); *In re NCB Management Services, Inc. Data Breach Litig.*, No. 2:23-cv-1236-KNS (E.D. Pa.) (co-lead counsel); *Gravley v. Fresenius Vascular Care, Inc.*, No. 2:24-CV-01148-MMB (E.D. Pa.) (co-lead counsel, along with Mr. Ferich of Ahdoot & Wolfson). Mr. Johns also has experience in the Pennsylvania state court system, having argued and won a unanimous reversal in a *de facto* takings case before the Pennsylvania Supreme Court. *Hughes v. UGI Storage Co.*, 263 A.3d 1144 (Pa. 2021).

### c.  Proposed Interim Co-Lead Counsel Are Committed to Representing and Advancing the Interests of the Class

Proposed Interim Co-Lead Counsel, and their supporting team, are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs. They and their firms have a proven track-record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney

understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by devoting substantial resources—including retention of a cybersecurity expert—to this litigation and coordinating among themselves to file this leadership proposal.

Just as they have previously done, and as they have done through private ordering here, Proposed Interim Co-Lead Counsel and the other Proposed Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. As Proposed Interim Co-Lead Counsel's history of organization shows, they are inclusive, hence the decision to request creation of a Plaintiffs' Executive Committee so that they may include counsel from other Related Actions. Their past efforts of inclusion have resulted in a group of attorneys working toward the proper goal—a fair, reasonable, and adequate result. Each of the proposed lead attorneys would be independently qualified to serve as lead class counsel and have significant experience in class actions, including data breach class actions.

In sum, Proposed Interim Co-Lead Counsel are committed to pursuing the best interests of Plaintiffs and the class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms already have made significant investments of resources and time into the prosecution of these claims, and they possess the resources to prosecute this case to a successful resolution and will do so here. The Rule 23(g)(1)(A)(iv) factor is satisfied.

### d.   Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). One consideration here is that Proposed Class Counsel reached a cooperative agreement amongst themselves about the proposed leadership structure. Rather than file competing leadership

27

applications, counsel met and conferred and agreed that it is in the best interest of the Plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the Data Breach against FBCS. This private ordering reflects a high level of leadership further supports the requested appointments. MCL, §§ 10.22, 21.272.

A second consideration is that the proposed leadership slate is diverse, comprised of attorneys who come from diverse backgrounds reflective of the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

A final consideration is that Proposed Class Counsel include lawyers with a Pennsylvania presence. Mr. Ferich (Proposed Interim Co-Lead Counsel), Mr. Schaffer (Proposed Interim Co-Lead Counsel), and Mr. Johns (Proposed Liaison Counsel) are career-long Pennsylvania attorneys who long have been admitted to practice in the Commonwealth of Pennsylvania and have practiced in the Eastern District throughout their careers. The KO law firm also has a presence in Philadelphia.

The court in *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-CV-5538, 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020), highlighted the importance of familiarity with local practice in selecting lead counsel:

> Admission to the bar of [this district] requires and reflects a commitment to practice in this District and to abide by its rules and practices. ... At a practical level, counsel long admitted to this Court, and who plan to continue to practice in this Court, are presumptively steeped in its mores and traditions. That provides the Court some comfort that both those who will appear in Court and those who will operate behind-the-scenes in document production and deposition will adhere to and benefit from familiarity with those traditions. Finally, in terms of the sheer cost that will be charged to the class (in the event of recovery), a significant presence in [this district] for a litigation in [this district] against a [local] defendant matters. This case will be tried in [this district], arguments and motion practice will be in [this district], and presumably many of the depositions will be taken in [this district]. Counsel who are in [this district] will be able to handle those matters without travel.

*Id.* at *7. The presence of Mr. Ferich, Mr. Schaffer, and Mr. Johns, who are Philadelphia-based lawyers, and the inclusion of KO, a firm with Philadelphia presence, on the proposed leadership team further supports the requested appointments.

## III.   CONCLUSION

For the reasons set forth above, Plaintiffs request the Court grant their motion and enter an order: (1) consolidating the Related Actions pursuant to Fed. R. Civ. P. 42(a) under the caption of the first-filed *Reichbart* Action, and administratively terminate the *Stallone, Croteau, Brooks, Apthorp, Hwang, Vorburger, Kerr, Vines, Wagner, Frasier, Busby, Courtney*, and *Morgan* Actions; (2) appointing Andrew W. Ferich of Ahdoot & Wolfson, PC, Kristen Lake Cardoso of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and Charles E. Schaffer of Levin Sedran & Berman, LLP as Interim Co-Lead Counsel; (3) appointing Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC, Tyler Bean of Siri & Glimstad LLP, and Jennifer M. French of Lynch Carpenter, LLP  to a Plaintiffs' Executive Committee;  (4) appointing Benjamin F. Johns of Shub & Johns LLC as Liaison Counsel; and (5) setting a deadline for Plaintiffs to file a consolidated complaint thirty (30) days from entry of an order appointing class counsel.

Dated: May 22, 2024                                 */s/ Andrew Ferich*
                                                    **AHDOOT & WOLFSON, PC**
                                                    Andrew W. Ferich (PA I.D. 313696)

201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel.: (310) 474-9111
Fax: (310) 474-8585
aferich@ahdootwolfson.com

Melissa Clark*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Tel.: (310) 474-9111
Fax: (310) 474-8585
mclark@ahdootwolfson.com

Kristen Lake Cardoso*
Jeff Ostrow*
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
cardoso@kolawyers.com
ostrow@kolawyers.com
Charles E. Schaffer
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: 215-592-4663
cschaffer@lfsblaw.com

*Proposed Interim Co-Lead Counsel*

Mariya Weekes*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
201 Sevilla Avenue, 2ND Floor
Coral Gables, FL 33134
Tel: (786) 879-8200
mweekes@milberg.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

Tel: 866-252-0878
Fax: 865-522-0049
gklinger@milberg.com

Gary F. Lynch (PA 56887)
Connor P. Hayes (PA 330447)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 322-9243
gary@lcllp.com
connorh@lcllp.com

Jennifer M. French*
**LYNCH CARPENTER, LLP**
1234 Camino Del Mar
Del Mar, CA 92014
T:(619) 762-1910
jennf@lcllp.com

Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
74 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
tbean@sirillp.com

*Proposed Plaintiffs Executive Committee*

Benjamin F. Johns (PA ID 201373)
Samantha E. Holbrook (PA ID 311829)
Andrea L. Bonner (PA ID 332945)
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawyers.com
abonner@shublawyers.com

*Proposed Plaintiffs Liaison Counsel*

**pro hac vice* pending or to be filed

31

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of May, 2024, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record and sent via electronic mail to the following counsel for Defendant Financial Business and Consumer Solutions, Inc.:

Nathalie Freeman
nfreeman@bakerlaw.com
Robyn Feldstein
rfeldstein@bakerlaw.com
Edward J. McAndrew
emcandrew@bakerlaw.com
BakerHostetler
1735 Market St., Suite 3300
Philadelphia, PA 19103
Tel: (215) 568-3100

Dated: May 22, 2024                         /s/ Andrew Ferich
                                             Andrew W. Ferich (PA I.D. 313696)