# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC REICHBART, individually and on behalf of all others similarly situated,<br><br><br>   Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br><br>   Defendant. | Case No. 2:24-cv-01876-NIQA |
| JOSEPH STALLONE, individually and on behalf of all others similarly situated,<br><br><br>   Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br><br>   Defendant. | Case No. 2:24-cv-01901-NIQA |
| ALISON CROTEAU, on behalf of herself and all others similarly situated,<br><br><br>   Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br><br>   Defendant. | Case No. 2:24-cv-01946-NIQA |

| | |
|---|---|
| KEVIN BROOKS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>                Defendant. | Case No. 2:24-cv-02007-NIQA |
| JESSE R. APTHORP, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>                Defendant. | Case No. 2:24-cv-02024-NIQA |
| MICKEY HWANG, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>                Defendant. | Case No. 2:24-cv-02033-NIQA |

| | |
|---|---|
| SOPHIE CAHEN VORBURGER, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>          Defendant. | Case No. 2:24-cv-2045-NIQA |
| DANA KERR, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>          Defendant. | Case No. 2:24-CV-2075-NIQA |
| DERRICK VINES and BRADFORD WICKS, individually and on behalf of those similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>          Defendant. | Case No. 2:24-CV-2085-NIQA |

| | |
|---|---|
| GRIFFIN R. WAGNER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>      Defendant. | Case No. 2:24-CV-2119-NIQA |
| JEROME FRASIER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>      Defendant. | Case No. 2:24-CV-2121-NIQA |
| DUSTIN BUSBY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>      Defendant. | Case No. 2:24-CV-2129-NIQA |

| | |
|---|---|
| TIMOTHY COURTNEY, on behalf of himself and all others similarly situated,<br><br><br>     Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br><br>     Defendant. | p<br><br><br>Case No. 2:24-CV-2153-NIQA |
| ONIEQUE MORGAN, individually, and on behalf of himself and all others similarly situated,<br><br><br>     Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br><br>     Defendant. | Case No. 2:24-CV-2163-NIQA |

**PLAINTIFF DUSTIN BUSBY'S RESPONSE TO AMENDED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL, AND APPLICATION TO APPOINT JOHN A. YANCHUNIS, KATE BAXTER-KAUF, AND KATHERINE M. AIZPURU AS INTERIM CO-LEAD CLASS COUNSEL**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

LEGAL STANDARD ............................................................................................................2

ARGUMENT .........................................................................................................................3

    I.      The Rule 23(g) factors support appointing the YBA Slate...............................3

          A.     The YBA Slate have thoroughly investigated the applicable facts and law, including the core claims brought on behalf of the proposed class. .................3

          B.     The YBA Slate are experienced in complex class actions, including data breach and privacy cases. .......................................................................5

                John A. Yanchunis ..........................................................................6

                Kate Baxter-Kauf ..........................................................................11

                Katherine M. Aizpuru .....................................................................15

          C.     The YBA Slate have substantial knowledge of the applicable law. .................18

          D.     The YBA Slate will contribute the resources necessary to prosecute this complex litigation......................................................................................19

    II.     Additional considerations support appointing the YBA Slate.......................19

          A.     A narrow leadership structure reduces inefficiencies and maximizes recovery for the class. ................................................................................19

          B.     The YBA Slate bring diverse experiences to the leadership table. .................20

CONCLUSION.......................................................................................................................21

## INTRODUCTION

In February of this year, third-party debt collector Financial Business & Consumer Solutions, Inc. (FBCS) allowed a hacker to access its systems and steal millions of consumers' sensitive personally identifying information (PII), including names, dates of birth, driver's license or other ID card numbers, Social Security numbers, and loan account information. The plaintiffs in these actions, including Plaintiff Dustin Busby, are victims of the breach and seek to hold FBCS to account. They did not choose their debt collector. Yet because FBCS, which collects consumer debts including auto loans, healthcare bills, utility bills, student loans, and credit card balances, failed colossally to protect the sensitive PII it uses to pursue recoveries, the plaintiffs in these actions now face a serious and imminent risk of identity theft and other injury. Litigating a case of this significance will require seasoned and capable counsel with the resources and skills to vigorously prosecute the plaintiffs' claims. And a streamlined approach is essential to limit costs to the class and maximize class member recovery.

To that end, Plaintiff Dustin Busby respectfully requests that the Court appoint his counsel, John A. Yanchunis of Morgan & Morgan, Kate Baxter-Kauf of Lockridge Grindal Nauen, and Katherine M. Aizpuru of Tycko & Zavareei LLP as Interim Co-Lead Class Counsel (collectively, the "YBA Slate"). As other plaintiffs' counsel recognized, appointing interim counsel at this juncture will benefit the class by ensuring that all class members' interests are protected and that the class speaks with one voice. Here, Mr. Yanchunis, Ms. Baxter-Kauf, and Ms. Aizpuru are highly accomplished practitioners who are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g). While the other fine attorneys who have sought leadership are also experienced, the uniquely credentialed YBA Slate offers an efficient and nimble team that will reduce the class's expenses, avoid duplicative work, and ensure the best possible recovery. *See* Manual for Complex Litig. § 10.224, 25 (2004)

(recognizing the importance of managing the litigation "efficiently and effectively without jeopardizing fairness to the parties"). *See also* **Exhibits A-C** (resumes of YBA Slate and their firms).

The attorneys in the YBA Slate and their firms have a track record of recovering significant, meaningful relief for data breach victims. *See, e.g.*, *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.) (settlement for $190,000,000 approved for 98 million consumers); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.) ("Yahoo") ($117,500,000.00 common fund settlement for approximately 194 million US residents and 270,000 Israeli citizens ); *In re T-Mobile Customer Data Security Breach Litigation*, No. 21-md-3019 (W.D. Mo.) ($350 million settlement). The firms are also experienced in litigating extremely complex data breach cases, including to the brink of trial, and including with leanly staffed teams. For example, as discussed below, two of the three firms seeking appointment (along with a third not involved in this case) handled a much more complex data breach case against Capital One Bank and Amazon, Inc., which affected 98 million consumers. The firms navigated that litigation through heavy motions practice in the Eastern District of Virginia (well known as the "rocket docket") and reached a nine-figure settlement on the eve of trial. And that is just one example of the firms' valuable experience, which goes far beyond the experience of many lawyers in the data breach field. Finally, the YBA Slate and their firms are leaders in the area of diversity, equity, and inclusion, and the slate offers diversity that mirrors the class they seek to represent.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) allows the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing interim counsel, courts look to the same factors used in determining adequacy of class counsel under Rule 23(g)(1)(A). *See In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 365 (E.D. Pa. 2022). That Rule directs the Court to consider the work counsel has done in identifying or

investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**ARGUMENT**

Appointing the YBA Slate as Interim Co-Lead Class Counsel will benefit the class because they satisfy each factor enumerated in Rule 23(g), as well as other relevant considerations.

**I.        The Rule 23(g) factors support appointing the YBA Slate.**

Analysis of the relevant factors shows that the YBA Slate are well-suited to serve as lead counsel in this matter. Mr. Yanchunis, Ms. Baxter-Kauf and Ms. Aizpuru have many years of experience litigating consumer class actions in general, and privacy class actions in particular, including privacy and data breach class actions in which the Defendant failed to protect information for consumers who did not choose to do business with them. They have been thought leaders in this area and have helped define the law at the district court and circuit court levels, and, in particular, secured four circuit court opinions in the Second, Fourth, and Eleventh Circuits in 2023 and 2024. Their knowledge of the relevant law and record of obtaining resolutions for the consumers in most of the largest cases to date is superior and unmatched. And they have committed, and will continue to commit, extensive resources to the efficient but thorough litigation of this matter.

**A.        The YBA Slate have thoroughly investigated the applicable facts and law, including the core claims brought on behalf of the proposed class.**

Fed. R. Civ. P. 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. The YBA Slate and their firms have invested significant time in this case, including

3

conducting pre-filing investigation, interviewing class members, researching potential claims, drafting a detailed complaint, and securing and working with the most experienced experts to begin analyzing the liability and damages issues that will drive this litigation forward. The YBA Slate intends also to implement protocols to ensure the efficient, non-duplicative and cost-effective prosecution of this matter.

Their work to date includes several significant tasks:

**First,** the YBA Slate and their firms have independently investigated the facts and circumstances surrounding the data breach, including, *inter alia*: the reported cause of the data breach, FBCS's public statements regarding the events surrounding the data breach, other media commentary, and consumer experiences concerning information compromised in the breach. Counsel have consulted scientific literature and data security publications to understand and articulate how the PII that FBCS exposed could be used by malicious individuals; the data-protection measures available to FBCS to limit unauthorized access to its systems; and how FBCS's practices fell short of industry standard.

**Second,** counsel have devoted extensive time to researching the relevant law governing protection of PII; the likelihood of obtaining class certification; and other potential class claims. They have researched issues like standing, discovery challenges, damages calculations, and potential affirmative defenses.

**Third**, YBA Slate member attorneys have spent significant time speaking with and interviewing affected consumers who have contacted them, expressed interest in the case, and sought more information about the case and the underlying data breach. Counsel have reviewed the notice that Mr. Busby received and investigated his adequacy to represent the proposed class.

**Fourth,** YBA Slate member attorneys drafted and filed a detailed complaint that incorporates interviews with affected consumers and research from publicly available sources.

**Fifth,** they have retained some of the most experienced damages and liability experts in the data privacy field regarding the claims in the case and the discovery needs for a litigation of this magnitude. They have also retained a former FBI agent who worked in the cyber-crimes section of the FBI prior to his retirement, who can explain the repercussions to consumers in the wake of a data breach. Their team also includes a second former FBI agent, now employed as an investigator, who will conduct dark web monitoring relating to the data breach and help develop a list of potential witnesses to target for discovery, and to the extent possible, interview former employees.

In short, the YBA Slate and their firms have committed substantial time and resources to organizing and working together toward the advancement of the litigation; investigating and researching the potential legal theories and claims at issue; and researching and reviewing information relating to the factual underpinnings of this litigation. These actions demonstrate counsel's willingness and ability to fully prosecute the action on behalf of the putative class.

The competing slate notes that Mr. Busby's complaint was filed twelve days after the first-filed action. *See* Dkt. 17 at p. 2. But courts in this District recognize that "being the first to file does not create an irrebuttable presumption of a superior investigation." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 367 (recognizing that a "race to the courthouse" does not benefit the class). A later-filed plaintiff whose counsel performed substantial investigation may be better suited to represent the interests of the class. *See id.* (citing *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012)). Here, the YBA Slate has devoted substantial efforts to investigating the facts underpinning FBCS's devastating breach and will continue their efficient investigation and pursuit of the class's claims.

**B.     The YBA Slate are experienced in complex class actions, including data breach and privacy cases.**

The YBA Slate are well qualified to lead this litigation. As Interim Co-Lead Class Counsel, they will draw on their own expertise and skills, as well as those of their colleagues, who have been

appointed to leadership in numerous complex class action proceedings and litigated them to successful resolution.

### John A. Yanchunis

John Yanchunis leads Morgan & Morgan's class action group. Morgan & Morgan is America's largest injury law firm with over 1,000 lawyers in offices throughout the United States. Its depth as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country. Mr. Yanchunis—whose career as a trial lawyer began over 41 years ago following the completion of a two-year clerkship with United States District Judge Carl O. Bue, Southern District of Texas (now deceased)—has efficiently and expeditiously led many privacy-related Multidistrict Litigation (MDL) and non-MDL class action proceedings, including as Lead or Co-Lead Counsel in some of the largest privacy class actions. He has focused his practice on class action litigation for over 28 years.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation,* 154 F. Supp. 2d 497 (S.D.N.Y. 2001), alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-Lead Counsel in the successful prosecution and settlement of privacy class action cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). *See Fresco v. Automotive Directions, Inc.,* No. 03-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk,* No. 07-cv-60695-JEM (S.D. Fla.). Subsequently, he also served as co-Lead Counsel in the DPPA class cases, *Davis v. Bank of America,* No. 05-cv-80806 (S.D. Fla.) ($10 million class settlement), and *Kehoe v. Fidelity Fed. Bank and Trust,* No. 03-cv-80593 (S.D. Fla.) ($50 million class settlement).

As a result of his experience in insurance and complex litigation, beginning in 2005, he was

selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers. He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations. The insurance regulator for Florida was the only insurance regulator in the group. The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex Corporation and its subsidiary, Carey Canada, Inc. During the seventeen years the case pended, he served as lead counsel for several insurance companies regarding coverage for asbestos and environmental claims. The case was tried in three phases over several years beginning in 1992. He was also lead counsel for these parties in the subsequent appeals that followed a judgment in favor of his clients.

He has been appointed and served in leadership positions in most of the largest data breach cases filed in the area of privacy and data breaches: *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.) (settlement for $190,000,000 approved for 98 million consumers), a case litigated by two of the law firms seeking interim class counsel in this case, along with a third firm. With almost no assistance from any other firms other than to assist in preparing their individual clients for deposition, Mr. Yanchunis and his two co-lead attorneys took this case

7

almost to trial before Capital One and Amazon agreed to settle the case . In his order approving the

settlement, United States District Judge Anthony Trenga found that:

> In pursuing this complex, years-long litigation, Class Counsel engaged in, inter alia, extensive discovery—including reviewing nearly three million pages of documents and taking nearly fifty depositions—and significant motion practice—including for class certification, summary judgment, and expert exclusion. In total, Class Counsel devoted more than 65,000 hours to what Plaintiffs call "almost undoubtedly, the most heavily litigated data breach case in history.

*IN RE: Capital One Consumer Data Security Breach Litigation*, 1:19-md-02915-AJT (E.D. Va.)

[Doc. No. 2231] at 1.

> In an order approving the proposed attorneys' fees, Judge Trenga wrote:

> *Factor 1, Results for the Class:* This Court previously commended Class and Defense Counsel at the September 8, 2022 Final Approval Hearing for the "exceptional outcome for all the parties given the difficult legal issues," calling it an "outstanding result" attributed "in no small measure, to counsel, counsel's efforts, and . . . the level of competence and professionalism that they've brought to every aspect of this case." [Doc. No. 2261] at 30:19-31:3. The Court stands by that statement. Class Counsel effectively and efficiently pursued the case, resulting in purportedly the second largest data breach settlement to date, in addition to the injunctive relief.

*In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.)

("Yahoo") (Lead Counsel, which led a four firm plaintiffs steering committee) (Court

approved $117,500,000.00 common fund settlement for approximately 194 million US residents and

270,000 Israeli citizens ); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.,* No. 1:14-md-

02583-TWT (N.D. Ga.) (Co-Lead Counsel)(four- member PSC) (final judgment entered approving a

settlement on behalf of a class of 40 million consumers with total value of $29,025,000); *In Re: Equifax,

Inc. Customer Data Security Breach Litigation*, No. 1:17-md-2800-TWT (N.D. Ga.) (member of the

Plaintiffs' Steering Committee) (final judgment entered approving  $380.5 million fund for 145 million

consumers );  *In re: U.S. Office of Personnel Management Data Security Breach Litigation,* No. 1:15-mc-01394-

ABJ (D.D.C.) ("OPM") (member of the Executive Committee) (motion for preliminary approval of

a $60,000,000 common fund ); *In re Target Corp. Customer Data Sec. Breach Litig.,* MDL No. 2522 (D.

Minn.) (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers).

His court-appointed leadership experience in non-MDL, data breach class actions is likewise significant, and to just name a few: *Schmidt, et al., v. Facebook, Inc.,* No. 3:18-cv-05982 (N.D. Cal.) (Co-Lead Counsel) ("Facebook") (class certified over Facebook's opposition for 8 million residents, subsequently settlement of the class was approved by the court); *Walters v. Kimpton Hotel & Restaurant,* No. 3:16-cv-05387 (N.D. Cal.) (Lead Counsel) (class action settlement final approval order entered July 11, 2019); and *In re: Arby's Restaurant Group, Inc. Data Security Litigation,* Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (co-Liaison Counsel) (final approval of a class settlement entered June 6, 2019); and *Jackson, et al., v. Wendy's International, LLC,* No. 6:16-cv-210-PGB (M.D. Fla.) (final approval of a class settlement entered February 26, 2019); *Henderson v. Kalispell Regional Healthcare,* No. CDV-19-0761 (Montana Eighth Judicial Court – Cascade County) (final approval of class settlement entered January 5, 2021); *In re: Citrix Data Breach Litigation,* No. 19-cv-61350 (S.D. Fla.) (preliminary approval of class action settlement entered on January 26, 2021); *Kuss v. American HomePatient, Inc.,* et al., No. 18-cv-2348 (M.D. Fla.) (final approval of class action settlement entered on August 13, 2020); *Fulton-Green v. Accolade, Inc.,* No. 18-cv-274 (E.D. Pa.) (final approval of class action settlement entered September 23, 2019); *Nelson v. Roadrunner Transportation Systems, Inc.,* No. 18-cv-7400 (N.D. Ill.) (final approval of class action settlement entered September 15, 2020).

He has also been appointed co lead counsel in a data privacy case that was certified as a class over Google's opposition, *Brown. et al., v. Google, LLC,* No. 20-cv-03664 (N.D. Cal.). The case was settled weeks before the commencement of trial, and final approval of the class action settlement benefitting well over a hundred million consumers is set for August 7, 2024.  In another data privacy case against Google pending in the Northern District of California, San Francisco Division, *Rodriguez, et al, v. Google, LLC,* No. 20-cv-04688 (N.D. Cal.), he, along with his co-counsel, have been appointed

as co-lead counsel for a class certified over Google's opposition. This class case will be tried in 2025.

In 2023 and in data breach cases, and as a thought leader in the area of data privacy, Mr. Yanchunis obtained reversals of lower courts in the Eleventh Circuit and the Second Circuit Courts of Appeals: *Bohnak v. Marsh & McLennan Companies,* No. 22-319 (2d Cir. 2023), *Ramirez v. The Paradies Shops, LLC,* No. 22-12853-HH (11th Cir. 2023), and *Sheffler v. Americold Realty Trust,* No. 22-11789-CC (11th Cir. 2023). On December 7, 2023, he presented argument before the Fourth Circuit in *Ford v Sandhills Medical Ctr., Inc.,* No.22-2268 (4th Cir. 2023), a class case arising out of a health care facility.

He now serves as an appointed member of the newly formed Cyber Security and Privacy Subcommittee of The Florida Bar.

Mr. Yanchunis was recognized in 2020 for the second year in a row by Law360 as one of four MVPs in the area of Cybersecurity and Privacy. Similarly, in 2016 and then in 2020, Mr. Yanchunis was recognized by the National Law Journal as a Trailblazer in the Area of Cybersecurity & Data Privacy. In 2020, Mr. Yanchunis was named Florida Lawyer of the Year by the Daily Business Review, and in 2022, he was awarded the Best Mentor award in the state of Florida by the same publication. In 2023, he was named Consumer Lawyer of the Year by The Florida Bar's Consumer Protection Committee for his accomplishments in the area of data privacy. Again for his accomplishments in the area of data privacy and cyber security, in 2023, he was recognized as a Titan of the Plaintiffs' Bar by Law360. In 2024, he was named a finalist for Attorney of the Year by ALM/Law360 and he is a finalist for Lawyer of Year by The National Law Journal (winner to be announced in New York City on July 11, 2024). In 2024, the class action practice group that he leads at his firm was awarded Litigation Department of the Year in the state of Florida by ALM/Law360, and his practice group is a national finalist for Litigation Department of the Year by The National Law Journal (winner to be announced on July 11).

Because of his experience in the area of cyber security and privacy and data breach litigation,

he is a frequent speaker nationally and internationally. He spoke on these topics in May of this year in London, and he is scheduled to speak in London and Lisbon in the fall at two separate symposiums on data privacy and cyber security. Presently, he is organizing with several universities in the United States, the European Union, and Israel, a symposium to focus on data privacy. It is planned to be held in Rome in 2025. He also is a frequenter lecturer at Baylor College of Law in its LLM program on cyber security, most recently in June 2024.

Exhibiting his leadership skills and his ability to work collaboratively with others, Mr. Yanchunis has served in leadership positions on many professional committees and boards, most prominently as a member of the Board of Directors of The Florida Bar Foundation, a member of The Florida Board of Bar Examiners appointed by the Florida Supreme Court (5-year term, and he continues by appointment to date as an Emeritus Member), and an elected member for two terms to The Board of Governors of The Florida Bar, and to The Young Lawyers Division of The Florida Bar. He has served on The Florida Bar's Consumer Protection Committee, including serving as its Chair. He has also served as an expert in ethical issues in class litigation for The Florida Bar in disciplinary proceedings.

In his profession, he received the Florida Bar Foundation President's Award of Excellence, the Public Justice Impact Change Award, and for his work in representing a class of elderly indigent Floridians on Medicaid in a suit against the state of Florida, which resulted in an increase in the benefits to class members, he was awarded The Florida Bar Elder Law Section Chair's Honor Award.

He has been recognized as a Super Lawyer for over two decades and is AV rated by Martindale Hubbell.

**Kate Baxter-Kauf**

Kate Baxter-Kauf is a partner at Lockridge Grindal Nauen P.L.L.P. ("LGN"), and her practice is concentrated in the firm's data breach, antitrust law, business litigation, and securities litigation

practice groups. For the past several years, she has been on the forefront of cutting-edge cybersecurity and privacy litigation, representing individuals and financial institutions in data breach litigation. Ms. Baxter-Kauf's resume, attached as **Exhibit B**, showcases her experience in complex litigation class action matters, specifically those involving privacy. She has specific experience in privacy litigation in which the defendant improperly disclosed or failed to safeguard information of consumers who did not choose to do business with that defendant, and in litigating issues related to financial and creditor institutions.

Ms. Baxter-Kauf has been practicing for approximately twelve years, and has been appointed to lead multiple class actions on behalf of consumers in that time. Specifically, Ms. Baxter-Kauf is currently appointed as Interim Co-Lead Class Counsel in two cases in which the plaintiffs allege that an insurance company improperly disclosed the driver's license numbers of consumers whose information was in a database available to the defendant but who had never purchased insurance from that company, *Johnson et al. v. Cornerstone National Insurance Co.,* No. 22-cv-04135-WJE (W.D. Mo.) and *Holmes et al. v. Elephant Insurance Co. et al.,* No. 3:22-cv-00487 (E.D. Va.), in addition to being appointed as a pre-approved member of the leadership team in conjunction with co-lead counsel in *In re: Geico Customer Data Breach Litig.,* No. 1:21-cv-002210-KAM-SJB (E.D.N.Y), which involves similar allegations. In all three of those cases, Ms. Baxter-Kauf has led motion practice, class discovery, and where necessary, appeals. She has been involved in all aspects of these cases and will use all of that knowledge and experience on behalf of the class.

She is also appointed Interim Co-Lead Counsel in *In re: BPS Direct, LLC, and Cabela's, LLC Wiretapping Litigation,* No. 2:23-md-3074 (E.D. Pa.), which involves session replay technology and wiretap claims for privacy violations. And she has been appointed to steering or executive committees in multiple data breach cases: *Baker v. ParkMobile, LLC,* No. 21-cv-2182 (N.D. Ga.), *In re Netgain Technology, LLC, Consumer Data Breach Litigation,* No. 21-cv-01210 (D. Minn.) (chair of the executive

committee), *In re Regents of the University of Minnesota Data Litigation;* No. 27-cv-23-14056 (Hennepin Cty. Dist. Ct.), and *In re: Apple Data Privacy Litigation*, No. 22-cv-07069 (N.D. Cal.). And she has served as appointed liaison or local counsel in other complex class actions: *City of Hollywood Firefighters' Pension Fund v. Inspire Medical Systems, Inc.*, No. 23-cv-3884 (D. Minn.) (appointed local counsel under the Private Litigation Securities Reform Act) and *In re EpiPen ERISA Litig.*, No. 17-cv-1884 (D. Minn.) (appointed liaison counsel).

Ms. Baxter-Kauf has also been substantially involved in a number of complex class action matters including data breach litigation and other class actions in state and federal courts including: *In re Anthem, Inc. Data Breach*, No. 15-02617 (N.D. Cal.); *In re Arby's Restaurant Group, Inc. Data Security Litigation*, Civil Action No. 17-00514 (N.D. Ga.); *In re Capital One Consumer Data Security Breach Litigation*, No. 1:19-md-2915 (E.D. Va.); *In re Community Health Systems, Inc. Customer Security Data Breach Litig.*, No. 15-00222, MDL 2595 (N.D. Ala.); *Dittman et al. v. UPMC*, No. GD-14-003285 (Allegheny Cty., Pa.); *In re Equifax, Inc., Customer Data Security Litigation,* No. 17-02800 (N.D. Ga.); ; *First Choice Federal Credit Union et al., v. The Wendy's Company et al.,* No. 16-00506 (W.D. Pa.); *Greater Chautauqua Federal Credit Union, et al. v. Kmart Corporation*, et al., No. 15-02228 (N.D. Ill.); *In re Home Depot, Inc., Customer Data Security Breach Litig.*, No. 14-02583 (N.D. Ga.); *In re Premera Blue Cross Customer Data Security Breach Litig.*, No. 15-2633 (D. Or.); *SELCO Community Credit Union v. Noodles & Company*, No. 16-02247 (D. Colo.); *Ploss et al. v. Kraft Foods Gorup, Inc. et al*, No. 15-2937 (N.D. Ill.); *Storm et al. v. Paytime, Inc.*, No. 14-01138 (M.D. Pa.); *In re Supervalu, Inc., Customer Data Security Breach Litig.*, MDL No. 2586 (D. Minn.); *In re Target Corp. Customer Data Security Breach Litig.*, No. 14-02522 (D. Minn.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 17-00356 (W.D. Wa.); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 16-02752 (N.D. Cal.); *Soderstrom et al v. MSP Crossroads Apartments LLC et al*, No. 16-cv-02784-SHM-dkv (D. Minn.); *Khoday v. Symantec Corp.*, No. 11-cv-180-JRT-TNL (D. Minn.); *In re Medtronic, Inc. Shareholder Litigation*, A15-0858 (Minn.); *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No.

2:07-cv-02784-SHM-dkv (W.D. Tenn); *In re Wholesale Grocery Products Antitrust Litigation*, MDL No. 2090 (D. Minn.); *Turnidge et al v. TruGreen Limited Partnership*, No. 27-CV-14-14711 (Henn. Cty. Dist. Ct.); *UrbanWorks Architecture LLC v. Hunt Associates et al*, Nos. 27-CV-14-8415 & 27-CV-16-10241 (Henn. Cty. Dist. Ct.); and *Zimmerman v. Riverplace Counseling Center, Inc.*, No. 02-CV-19-6522 (Anoka Cty. Dist. Ct.) (appointed settlement counsel).

Ms. Baxter-Kauf has worked with Mr. Yanchunis on two previous breach data breach cases: *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.) (LGN partner Karen Riebel appointed Co-Lead Counsel, settlement for $190,000,000 approved for 98 million consumers) and *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.) (LGN partner Karen Riebel appointed member of steering committee led by Mr. Yanchunis, Court approved $117,500,000.00 common fund settlement for approximately 194 million US residents and 270,000 Israeli citizens). In both of those cases, in addition to being extensively involved in discovery and motion practice, she led efforts on behalf of plaintiffs in relation to attorney-client privilege claims made to withhold documents that resulted in motion practice, disclosure of documents previously withheld, and, eventually, settlement. She is a subject-matter expert on attorney-client privilege in the context of cybersecurity and data breach litigation, and currently serves as both a member of the Steering Committee of the Sedona Conference's Working Group 11 on Data Security and Privacy Liability and as the chair of a drafting team involving attorney-client privilege and work-product protection in the context of data breach and cybersecurity litigation.

Ms. Baxter-Kauf is also a frequent speaker on data breach and privacy issues at conferences across the country, and is often asked to speak on issues related to attorney-client privilege, Article III standing, discovery best practices, and privacy litigation. She was named a 2022 Minnesota Attorney of the Year in recognition of her pro bono work that resulted in overturning the conviction of an indigent criminal defendant on the basis of an illegal stop, chairs LGN's pro bono committee, and has

14

been named a "North Star Lawyer" by the Minnesota State Bar Association for 2015-2023 in recognition of pro bono work.

She was named a Minnesota Super Lawyer for Class Action and Mass Torts in 2022 & 2023 Super Lawyers®, previously named a Minnesota Rising Star from 2015-2022 by Super Lawyers®, awarded recognition as an 'Up & Coming Attorney' by Minnesota Lawyer for 2016 and a Top Lawyer Under 40 by Law360 in the area of Cybersecurity & Privacy for 2018.  She is also a frequent neighborhood and community volunteer and serves as the incoming Vice Chair of the Minnesota Urban Debate League Advisory Board.

### Katherine M. Aizpuru

Ms. Aizpuru is a partner at Tycko & Zavareei LLP ("TZ"), a leading nationally recognized class action law firm. Founded in 2002, TZ has recovered hundreds of millions of dollars for consumers and has been lauded for its expertise in privacy litigation. *See* **Exhibit C** (firm resume). TZ's attorneys are consistently recognized by their peers, clients, and courts across the country for their commitment to excellence, and have been frequently appointed to lead large, complex consolidated and multi-district litigation. TZ attorneys have been appointed to leadership in major privacy actions including *In re US Fertility, LLC Data Security Litigation*, No. 21-cv-299 (D. Md.), *In re Ring LLC Privacy Litigation*, No. 19-cv-10899 (C.D. Cal.), *In Re: Samsung Customer Data Security Breach Litigation*, No. 23-md-3055 (D.N.J.), *In Re: HCA Healthcare, Inc. Data Security Litigation*, No. 23-cv-684 (M.D. Tenn.), *In re: HealthEc LLC Data Breach Litigation*, No. 24-cv-0026 (D.N.J.), *In re T-Mobile Customer Data Security Breach Litigation*, No. 21-md-3019 (W.D. Mo.), and *In re: Harvard Pilgrim Data Security Incident*, No. 23-cv-11211 (D. Minn.), among others.

Ms. Aizpuru is a rising star in the class action community and an experienced consumer protection attorney. She earned her law degree *cum laude* from Harvard Law School in 2014, then clerked on the District of Columbia Court of Appeals (Easterly, J.) and the U.S. District Court for the

District of Maryland (Chuang, J.). As an associate at TZ between 2017 and 2021, Ms. Aizpuru handled a heavy docket of consumer class actions and recovered millions of dollars for consumers. She was named a SuperLawyers Rising Star in 2020 and 2021.

Ms. Aizpuru then spent several years in public service at the Department of Justice and the Federal Trade Commission. At the Department of Justice, she represented federal agencies, including the Small Business Administration, the U.S. Section of the International Boundary & Water Commission, the John F. Kennedy Center for the Performing Arts, the Department of Energy, and the Defense Health Agency, in complex litigation and bankruptcy matters. She obtained several favorable settlements that saved taxpayers millions of dollars. In one example, Ms. Aizpuru was assigned to handle a dispute between a federal agency and a city that had dragged on for decades without resolution. Ms. Aizpuru ended the dispute via a pre-litigation mediation that secured a multimillion-dollar recovery for the United States and a forward-looking agreement designed to reduce friction in the parties' future dealings. Ms. Aizpuru's DOJ colleagues and agency clients recognized her for her legal acumen and collaborative spirit.

During her tenure in the Federal Trade Commission's Bureau of Consumer Protection, Ms. Aizpuru successfully led multiple litigation teams obtaining relief for violations of the Gramm-Leach-Bliley Act ("GLB Act"), a federal privacy statute, and other consumer protection laws. She spearheaded the Commission's first investigation into and litigation against a major cryptocurrency company, Celsius Network LLC, and its former executives. She negotiated and secured a settlement with the corporate defendants that included a $4.7 billion monetary judgment, a ban on handling consumer deposits, and other permanent injunctive relief. *See FTC v. Celsius Network, Inc.*, No. 23-cv-6009 (S.D.N.Y. Aug. 16, 2023), Dkt. 27 (order entering permanent injunction and monetary judgment). In litigation against Celsius's former executives, which is ongoing, Ms. Aizpuru defeated three motions to dismiss and obtained an order striking several of the former executives' affirmative

defenses. *See id.* at Dkts. 63, 93.

While running the *Celsius* case, Ms. Aizpuru simultaneously led a team investigating and litigating against parallel student loan debt relief companies that, the FTC alleged, violated the GLB Act and other consumer protection laws. Following a surreptitious investigation that involved analyzing voluminous financial information, interviewing dozens of victims, and locating the whereabouts of six individual defendants, Ms. Aizpuru led the charge to obtain a temporary restraining order, appointment of a receiver, and an immediate halt to the defendants' damaging business practices. A few months later, she secured final orders banning the defendants from the debt relief industry and requiring the individuals to turn over real estate, vehicles, cryptocurrency, and financial accounts for consumer redress. *See FTC v. SL Finance LLC*, No. 23-cv-698 (C.D. Cal. Oct. 24, 2023), Dkt. 56 (order entering permanent injunction); *FTC v. BCO Consulting Servs., Inc.*, No. 23-cv-699 (C.D. Cal. Oct. 11, 2023), Dkt. 69 (same). In 2023, in recognition of her "outstanding contributions" to the Bureau, Ms. Aizpuru was selected to receive a prestigious Bureau Director's Award.

In private practice, Ms. Aizpuru has served as active counsel of record in privacy class actions including *In re: Ring LLC Privacy Litigation*, No. 19-cv-10899 (C.D. Cal.) and *Lundy v. Meta Platforms, Inc.*, No. 18-cv-6793 (N.D. Cal.). In *Ring*, Ms. Aizpuru represented over a dozen plaintiffs who were harmed when their indoor security cameras were hacked by threat actors who used their illicit access to threaten and harass the plaintiffs and their families. In *Lundy*, the Northern District of California recently approved a $37.5 million settlement for Meta Platforms, Inc.'s unauthorized collection of customers' location data. In both cases, she played an active role in significant motions practice and discovery disputes, as well as working collaboratively with other appointed counsel and their firms.

Ms. Aizpuru's other notable class action experience includes representing classes of consumers in *Farrell v. Bank of America*, No. 16-cv-0492 (S.D. Cal.) (settlement valued at $66.6 million plus injunctive relief over $1.2 billion); *Wang v. StubHub, Inc.*, No. CGC-18-56412 (Cal. Sup. Ct., S.F. Cnty.)

(settlement valued over $20 million); *Alexander v. Carrington Mortgage Servs.*, No. 20-cv-2369 (D. Md.) ($18 million common fund); *Roberts v. Capital One Financial Corp.*, No. 16-cv-4841 (S.D.N.Y.) ($17 million common fund); *Lambert v. Navy Federal Credit Union*, No. 19-cv-0103 (E.D. Va.) ($16 million common fund); *Simmons v. Apple Inc.*, No. 17-cv-312251 (Cal. Sup. Ct., Santa Clara Cnty.) ($9.75 million common fund); *Smith v. Fifth Third Bank*, No. 18-cv-0464 (S.D. Ohio) ($5.2 million common fund); and *Phillips v. Caliber Loan Servicing*, No. 19-cv-2711 (D. Minn.) ($5 million common fund), along with many others. Her diligent efforts have returned millions of dollars to consumers who were harmed by unfair and deceptive practices. In short, Ms. Aizpuru's experience and skills position her to be an excellent member of the leadership team.

### C.    The YBA Slate have substantial knowledge of the applicable law.

FBCS's dereliction of its duty to protect consumers' sensitive PII implicates fundamental privacy and consumer protection laws. Accordingly, it is crucial that any appointed leadership has knowledge of those substantive areas. As described above, the members of the YBA Slate have substantial knowledge in these areas and in litigating complex consumer class actions generally. Thus, the third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing the YBA Slate as Interim Co-Lead Class Counsel.

Here, the YBA Slate and their firms regularly litigate cases involving complex litigation, including data breach class actions. They are also specifically experienced in the types of issues and parties involved in this case – namely, data breach cases in which Plaintiffs and the class never chose to do business with the Defendant and yet the Defendant compromised their personal information anyways. Further, as discussed above, the YBA Slate and their firms extensively researched the claims at issue before filing their action and have already dedicated significant time and effort to the advancement of plaintiffs' and the class members' claims. Perhaps most importantly, they are all seasoned litigators who are well-versed in the nuances of the class action vehicle. They are prepared

to deploy their significant and diverse experience against FBCS's anticipated defenses and have the knowledge and expertise to anticipate the expert and fact discovery that will drive this litigation forward.

> ### D. The YBA Slate will contribute the resources necessary to prosecute this complex litigation.

Finally, each member of the YBA Slate is a partner at well-established, successful law firms with the financial resources to pursue a case of this magnitude. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They and their firms will continue to staff the action with knowledgeable and experienced attorneys supported by accomplished staff. They do not intend to use third-party litigation financing and will contribute the financial resources necessary to supply the expert, discovery, and other resources required to prosecute significant data breach litigation.

## II. Additional considerations support appointing the YBA Slate.

In addition to the Rule 23(g)(1)(A) factors, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Here, additional considerations support appointing the YBA Slate as Interim Co-Lead Class Counsel.

> ### A. A narrow leadership structure reduces inefficiencies and maximizes recovery for the class.

Complex consolidated actions like this one demand top-tier lawyers who can litigate efficiently, keep costs down, and maximize recovery for the class. Here, appointing three co-lead attorneys with no executive committee presents a streamlined structure that nevertheless spreads litigation risk and ensures adequate resources for potentially protracted and expensive litigation.

Further, the YBA Slate attorneys are collegial, collaborative attorneys who can work well with the rest of the plaintiffs' counsel. Indeed, attorneys from the YBA Slate have worked on cases with several of the attorneys on the competing slate and achieved fantastic results for their clients in those

matters. Should this case end up requiring additional support from other firms, the YBA Slate attorneys are confident that they will be able to draw on their relationships with the other plaintiffs' attorneys.

But at this stage, it is not apparent from the record that a massive leadership structure comprised of multiple committees is warranted. There is no indication that groups of class members have different interests requiring separate representation, or that this action is more complex than other data breach class actions. Under those circumstances, committees of counsel can "compete against considerations of efficiency and economy . . . and can lead to substantially increased costs and unnecessary duplication of efforts." *See In re Warner Grp. Data Breach*, 2021 WL 725728, at *3 (S.D.N.Y. Feb. 22, 2021). And while private ordering of plaintiffs and internal agreements regarding interim lead counsel may sometimes lead to the selection of the best lawyers, it is equally true that "voluntary agreements among lawyers may create cartel-like groupings that . . . may result in overstaffing." *See In re Third Cir. Task Force on the Selection of Class Counsel*, 208 F.R.D. 340, 348 (3d Cir. 2002). Here, the YBA Slate balances the necessary experience, substantive knowledge, resources and collegiality with a lean, streamlined structure that will minimize inefficiency and maximize recovery for the class.

**B.** **The YBA Slate bring diverse experiences to the leadership table.**

The legal community has emphasized increasing the number of qualified, diverse candidates in leadership roles. As set forth in the *Duke Guidelines* (Best Practice 3C), a leadership slate should "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and background." Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 28 (2d ed. 2018). Here, the diversity in gender and experience shared by the YBA Slate, as well as their firms, reflects the diversity of the bar and the proposed nationwide class of consumers. For example, TZ is a leader in diversity amongst its peers, with 68 percent of attorneys identifying as women, 36 percent identifying as persons of color, and 32 percent identifying as

LGBTQIA+. In recognition of its commitment to diversity and inclusion, TZ was selected as a winner for the Elite Trial Lawyers Diversity Initiative Award in 2022. The data breach litigation team at LGN is led entirely and comprised almost entirely of women and LGN has received awards for its work on issues related to diversity, inclusion, and pro bono work.

Equally important is a focus on opportunities for attorneys at different levels in their careers. This action will provide opportunities for a meaningful role for the YBA Slate members' varying levels of experience in different aspects of the litigation. They are each prepared to apply their perspectives, experiences, resources, and skills efficiently and effectively.

## CONCLUSION

The YBA Slate possesses the resources, talent, and expertise to vigorously pursue this litigation on behalf of all plaintiffs and the proposed class members. They have the experience and leadership capabilities to prosecute this proceeding efficiently. And their diverse backgrounds and experiences reflect the diversity of the proposed class members in this important nationwide litigation. Accordingly, Plaintiff Busby requests that the Court appoint John A. Yanchunis, Kate Baxter-Kauf and Katherine M. Aizpuru as Interim Co-Lead Class Counsel under Rule 23(g).


Dated: June 20, 2024                                    Respectfully submitted,

                                                       */s/ John A. Yanchunis*
                                                       John A. Yanchunis (*pro hac vice*)
                                                       JYanchunis@forthepeople.com
                                                       Ronald Podolny (*pro hac vice*)
                                                       ronald.podolny@forthepeople.com
                                                       **MORGAN & MORGAN**
                                                       **COMPLEX LITIGATION GROUP**
                                                       201 North Franklin Street 7th Floor
                                                       Tampa, FL 33602
                                                       T: (813) 223-5505
                                                       F: (813) 223-5402

*/s/ Kate M. Baxter-Kauf*
Kate M. Baxter-Kauf (MN # 392037) (*pro hac vice* forthcoming)
Kmbaxter-kauf@locklaw.com
Karen Hanson Riebel (MN # 0219770) (*pro hac vice* forthcoming)
khriebel@locklaw.com
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*/s/ Katherine M. Aizpuru*
Katherine M. Aizpuru (*pro hac vice* pending)
kaizpuru@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave. NW - Suite 1010
Washington, D.C. 20006
T: (202) 973-0900
F: (202) 973-0900

22