# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC REICHBART, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-01876-NIQA |
| JOSEPH STALLONE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-01901-NIQA |
| ALISON CROTEAU, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-01946-NIQA |

| | |
|---|---|
| KEVIN BROOKS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-02007-NIQA |
| JESSE R. APTHORP, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-02024-NIQA |
| MICKEY HWANG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-02033-NIQA |
| SOPHIE CAHEN VORBURGER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-2045-NIQA |

| | |
|---|---|
| DANA KERR, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 2:24-CV-2075-NIQA |
| DERRICK VINES and BRADFORD WICKS, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 2:24-CV-2085-NIQA |
| GRIFFIN R. WAGNER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 2:24-CV-2119-NIQA |
| JEROME FRASIER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 2:24-CV-2121-NIQA |

| | |
|---|---|
| DUSTIN BUSBY, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>　　Defendant. | Case No. 2:24-CV-2129-NIQA |
| TIMOTHY COURTNEY, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>　　Defendant. | Case No. 2:24-CV-2153-NIQA |
| ONIEQUE MORGAN, individually, and on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>　　Defendant. | Case No. 2:24-CV-2163-NIQA |

**[PROPOSED] ORDER CONSOLIDATING CASES AND
GRANTING APPLICATION TO APPOINT
JOHN A. YANCHUNIS, KATE BAXTER-KAUF, AND KATHERINE M. AIZPURU
<u>AS INTERIM CO-LEAD CLASS COUNSEL</u>**

The Court having considered the applications of various plaintiffs and their counsel to lead this complex litigation, and having read the papers, responses, and supporting materials, it is hereby ORDERED as follows:

1. The Court hereby consolidates the above-captioned cases, as well as any future related actions, under the docket number of the first-filed action, *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-1876 (E.D. Pa.). The clerk is directed to administratively terminate the remaining actions.

2. The case file for the Consolidated Action will be maintained under Master File No. 2:24-cv-1876-NIQA.

3. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

4. If the Court determines that the case is related, the clerk shall:

   a. Place a copy of this Order in the separate file for such action;

   b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

   c. Direct that this Order be served upon Defendant(s) in the new case; and

   d. Make appropriate entry in the Master Docket.

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby appoints John A. Yanchunis of Morgan & Morgan, Kate Baxter-Kauf of Lockridge Grindal Nauen, and Katherine M. Aizpuru of Tycko & Zavareei LLP as Interim Co-Lead Class Counsel.

6. The applications of all other plaintiffs' counsel are denied.

7. The above-named attorneys meet the requirements of Rule 23(g). Interim Co-Lead Class Counsel are designated to act on behalf of the putative class before determining whether to certify the class as a class action, and shall serve as lead counsel with responsibility for managing the distribution of work among plaintiffs' counsel and overseeing compliance with the duties and

responsibilities set forth herein. The duties and responsibilities of Interim Co-Lead Class Counsel are as follows:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. Convene meetings amongst counsel;

    d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

    e. Delegate specific tasks to the Plaintiffs' Steering Committee in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

    f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

    g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

    h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

    i. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

    j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

    k. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

    l. Make available to other Plaintiffs' counsel documents produced by the Defendants; and

    m. Allocate attorneys' fees.

8. Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pre-trial litigation proceedings shall be initiated or filed by any plaintiff except through Interim Co-Lead Class Counsel, and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

9. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel, including with respect to settlement and settlement negotiations, and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel and such agreements shall be binding on all other plaintiffs' counsel.

10. This Order shall apply in the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts and data breach underlying this litigation.

11. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, fax, or other expeditious electronic means on counsel for plaintiffs in any other related action to the extent that Interim Co-Lead Class Counsel are or become aware of such action(s), and upon all attorneys for plaintiffs whose cases may subsequently be consolidated with the above actions.

12. Plaintiffs in the Consolidated Action shall file an operative, consolidated complaint within thirty (30) days of the date of this Order. Should Defendant plan to file a motion to dismiss the consolidated complaint, the parties shall meet and confer to discuss a briefing schedule and submit a stipulated briefing schedule to the Court.

**IT IS SO ORDERED.**


**Dated:** _____   _____

**UNITED STATES DISTRICT JUDGE**