# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARC REICHBART,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-1876** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **JOSEPH STALLONE,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-1901** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **ALISON CROTEAU,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-1946** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **KEVIN BROOKS,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2007** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **JESSE R. APTHORP,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2024** |
| v. | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **MICKEY HWANG,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2033** |
| v. | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **SOHPIE CAHEN VORBURGER,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2045** |
| v. | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **DANA KERR,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2075** |
| v. | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **DEREK VINES and BRADFORD WICKS,** | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff* | : | **NO. 24-2085** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **GRIFFIN R. WAGNER,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2119** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **JEROME FRASIER,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2121** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **DUSTIN BUSBY,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2129** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **TIMOTHY COURTNEY,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2153** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **ONIEQUE MORGAN,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2163** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **TALEYIA WILLIAMS,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2642** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

| | | |
|---|---|---|
| **JASON DOZAL,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-2775** |
| **v.** | : | |
| | : | |
| **FINANCIAL BUSINESS AND** | : | |
| **CONSUMER SOLUTIONS, INC.,** | : | |
| *Defendant* | : | |

CYNTHIA SOTO,                         :          CIVIL ACTION
                  *Plaintiff*         :
                                      :          NO. 24-2778
            v.                        :
                                      :
FINANCIAL BUSINESS AND                :
CONSUMER SOLUTIONS, INC.,             :
                  *Defendant*         :

# ORDER

**AND NOW**, this 17th day of July 2024, upon consideration of Plaintiff Marc Reichbart's

*motion to consolidate cases and appoint interim co-lead class counsel*, (ECF 3), *motion to*

*amend/correct motion to consolidate cases and appoint interim co-lead class counsel*, (ECF 8),

Defendant Financial Business Consumer Solutions, Inc.'s ("Defendant") response,[1] (ECF 13), and

the joint report on attorney designations from the coordinated plaintiffs, (ECF 22),[2] it is hereby

**ORDERED** that the motions to consolidate, (ECF 3 and 8), are **GRANTED**.  Accordingly, it is

ordered that:

1.  The following matters are consolidated for pre-trial and discovery purposes *only* under

    Civil Action No. 24-1876 (the "Consolidated Action"):[3]

    a.  *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876;

    b.  *Stallone v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1901;

    c.  *Croteau v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1946;

---

[1]     Defendant does not oppose the consolidation of these matters or future related matters and takes
no position on the appointment of proposed class counsel.  (ECF 13).

[2]     All referenced documents were filed in the matter of *Reichbart v. Financial Business and Consumer
Solutions, Inc.*, No. 24-cv-1876.

[3]     Each plaintiff in the individual cases at issue filed a class action against Defendant alleging, *inter
alia*, negligence in violation of the Federal Trade Commission Act, breach of duty, breach of contract, and
unjust enrichment, premised on Defendant's actions prior to and after a data breach.

    d. *Brooks v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2007;

    e. *Apthorp v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2024;

    f. *Hwang v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2033;

    g. *Vorburger v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2045;

    h. *Kerr v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2085;

    i. *Vines v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2085;

    j. *Wagner v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2119;

    k. *Frasier v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2121;

    l. *Busby v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2129;

    m. *Courtney v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2153;

    n. *Morgan v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2163;

    o. *Williams v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2642;

    p. *Dozal v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2775;

    q. *Soto v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-2778; and

    r. Any future related actions.

2. The Clerk of Court is directed to **STAY** the following matters: *Stallone* (No. 24-cv-1901); *Croteau* (No. 24-cv-1946); *Brooks* (No. 24-cv-2007); *Apthorp* (No. 24-cv-2024); *Hwang* (No. 24-cv-2033); *Vorburger* (No. 24-cv-2045); *Kerr* (No. 24-cv-2085; *Vines* (No. 24-cv-2085); *Wagner* (No. 24-cv-2119); *Frasier* (No. 24-cv-2121); *Busby* (No. 24-cv-2129); *Courtney* (No. 24-cv-2153); *Morgan* (No. 24-cv-2163); *Williams* (No. 24-cv-2642); *Dozal* (No. 24-cv-2775); and *Soto* (No. 24-cv-2778) (collectively, the "Related Cases").

3.  The Clerk of Court is directed to add the plaintiffs and their counsel in the Related Cases to the Consolidated Action (No. 24-cv-1876).

4.  Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action shall also be consolidated with the Consolidated Action for pre-trial and discovery purposes and **STAYED**.  The parties in any subsequent case shall file a Notice of Related Action whenever a case that should be consolidated with this action is filed in, transferred to, or removed to this District.

5.  Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g),[4] and by agreement of counsel, the Court appoints the following attorneys as *Interim Co-Lead Counsel*:

    a.  **Andrew W. Ferich** of Ahdoot & Wolfson, PC
    b.  **Jeff Ostrow** of Kopelowitz Ostrow P.A.
    c.  **Charles E. Schaffer** of Levin Sedran & Berman, LLP; and
    d.  **John A. Yanchunis** of Morgan & Morgan.

6.  As described and agreed to in the joint status report, (ECF 22), the responsibilities of Interim Co-Lead Counsel include, *inter alia*:

    a.  Coordinating communications with the Court;
    b.  Coordinating communications and meetings regarding the litigation, including among Plaintiffs' Executive Committee and additional plaintiffs' counsel;
    c.  Coordinating all hearings and presentations for oral argument;

---

[4]      Rule 23(g)(3) allows the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When attorneys are seeking appointment as interim class counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court must also ensure that the proposed class counsel can "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Here, after review of the proposed counsel's relevant experience and work in relation to the Consolidated Action, this Court has determined that the proposed Interim Co-Lead Counsel meet the requirements of Rule 23(g).

d. Conducting—and coordinating with Plaintiffs' Executive Committee on the conduct of—discovery on behalf of plaintiffs;

e. Overseeing retention of and work conducted by experts hired to assist in the litigation;

f. Coordinating case management communications with Defendant;

g. Negotiating and entering stipulations with Defendant's counsel, including a stipulated protective order and ESI order;

h. Communicating with Defendant's counsel as necessary to efficiently advance the litigation;

i. Conducting settlement negotiations on behalf of plaintiffs and the putative class;

j. Planning, preparing for, and attending any private mediation(s) or Court ordered settlement conference(s);

k. Delegating specific tasks to and monitoring the activities of Plaintiffs' Executive Committee;

l. Creating and maintaining a litigation fund should one become necessary; and

m. Preparing a time-keeping protocol and collecting all plaintiffs' counsel's time and reporting to the Court if required.

7. The Court appoints the following attorneys as *Plaintiffs' Executive Committee* members:

a. **Mariya Weekes** of Milberg Coleman Bryson Phillips Grossman, PLLC (Chair);
b. **Tyler Bean** of Siri & Glimstad LLP;
c. **Jennifer M. French** of Lynch Carpenter, LLP;
d. **Bart Cohen** of Bailey Glasser LLP;
e. **Katherine M. Aizpuru** of Tycko & Zavareei LLP; and
f. **Samantha E. Holbrook** of Shub & Johns LLC.

8. As described and agreed to in the joint status report, (ECF 22), the responsibilities of

Plaintiffs' Executive Committee include, *inter alia*:

a. Leading the vetting of plaintiffs for a consolidated complaint, including the completion of plaintiff vetting questionnaires for each plaintiff being considered for inclusion in a consolidated complaint;

b. Making recommendations to Interim Co-Lead Counsel about which plaintiffs to include in the consolidated complaint;

c. Assisting Interim Co-Lead counsel with researching law and drafting briefs, *e.g.*, for an opposition to a motion to dismiss and a motion for class certification;

d. Coordinating and drafting discovery targeted at Defendant and subpoenas to be served on any third-party witnesses who may possess relevant information concerning the breach;

e.  Coordinating and drafting responses to discovery served by Defendant directed at the named plaintiffs;

f.  Assisting with preparing named plaintiffs for depositions, including coordinating with Liaison Counsel and counsel who represents the plaintiffs to be deposed;

g.  Assisting Interim Co-Lead Counsel with retention of experts as needed and overseeing expert work in the case; and

h.  Assisting Interim Co-Lead Counsel as needed with delegated tasks.

9.  The Court appoints **Samantha E. Holbrook** of Shub & Johns LLC as *Liaison Counsel*.

10. As described and agreed to in the joint status report, (ECF 22), the responsibilities of Liaison Counsel include, *inter alia*:

a.  Serving as the primary contact point between the leadership team and those plaintiffs' counsel who filed cases but did not seek appointment;

b.  Assisting with ensuring compliance with local practice in the Eastern District, including compliance with the Local Rules of Civil Procedure;

c.  Attending hearings or conferences before the Court at the direction of Interim Co-Lead Counsel;

d.  Ensuring that notices, orders, and material communications are properly distributed and served (to the extent that they are not otherwise served on plaintiffs' counsel via the Court's electronic filing system); and

e.  Assisting Interim Co-Lead Counsel and the Plaintiffs' Executive Committee as needed with delegated tasks.

11. Any other plaintiffs' counsel may perform work in this consolidated litigation *only* at the direction of Interim Co-Lead Counsel.  No motion, request for discovery, or other pretrial proceedings shall be initiated and/or filed by any plaintiff except through Interim Co-Lead Counsel and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Counsel.

12. Interim Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel — including with respect to settlement and settlement negotiations — and with the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel.

Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

13. Counsel shall only file motions or papers in the Consolidated Action (No. 24-cv-1876).

14. This Order shall apply to the above-captioned matters and to any related and subsequently consolidated actions.

It is further **ORDERED** that Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Co-lead Counsel are aware or become aware of any such related action(s) and on all attorneys for plaintiffs whose cases are subsequently consolidated with the above actions.

It is further **ORDERED** that Interim Co-Lead Counsel in the Consolidated Action shall file an operative, consolidated complaint within thirty (30) days of this Order.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*