IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROBERT HASELTINE, NATALIE CASTELLANOS FLORES, DANIEL WALLACE, JEFFREY ELLISON, DANIEL KRAUSER, AMELIO OSORIO, MICKEY HWANG, RONNIE MORROW, SR., EVELYN MALONE, DEBORAH REYNOLDS, and DAN WHATLEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., <br><br> Defendant. | Case No. 2:24-cv-01876-NIQA <br><br> CLASS ACTION |

**SUGGESTION OF BANKRUPTCY FOR FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. AND NOTICE OF AUTOMATIC STAY OF PROCEEDINGS**

**PLEASE TAKE NOTICE** that, on August 29, 2024 (the "Petition Date"), Financial Business and Consumer Solutions, Inc. (the "Debtor") filed a voluntary chapter 7 petition, thereby commencing a case pursuant to chapter 7 of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code"). The chapter 7 case (the "Bankruptcy Case") is currently pending before the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), under Bankruptcy Case No. 24-13029-AMC, pending before Judge Ashley M. Chan.

**PLEASE TAKE FURTHER NOTICE** that, as a result of the Debtor's filing of the Bankruptcy Case, section 362 of the Bankruptcy Code operates as a stay, applicable to all entities, of (i) the commencement or continuation of a judicial, administrative, or other action or proceeding

against the Debtor that was or could have been commenced before the commencement of the Bankruptcy Case, or to recover a claim against the Debtor that arose before the commencement of the Bankruptcy Case; (ii) the enforcement, against the Debtor or against the property of its bankruptcy estate, of a judgment obtained before the commencement of the Bankruptcy Case; (iii) any act to obtain possession of the property of the estate or of property from the estate or to exercise control over property of the estate; and (iv) any act to create, perfect, or enforce a lien against the property of the estate.

**PLEASE TAKE FURTHER NOTICE** that the stay became effective automatically upon the Petition Date. No order has been sought or entered in the Bankruptcy Case granting any relief to any party from the automatic stay. If any party violates the stay, such actions are void *ab initio* and the Debtor may move for sanctions in the Bankruptcy Court and to recover its actual damages, including costs and attorneys' fees, arising from the violation of the stay. Any party wishing to take action against the Debtor should contact the Debtor's counsel, the chapter 7 trustee of the Debtor's bankruptcy estate, or otherwise seek relief from the Bankruptcy Court before taking any action in the above-captioned proceeding to ensure that such action does not constitute a violation of the automatic stay. The Debtor reserves and retains all rights to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in violation of the automatic stay.

Dated: August 29, 2024

Respectfully submitted,

*/s/ Nathalie A. Freeman*
Edward J. McAndrew (PA Bar No. 77103)
Nathalie A. Freeman (PA Bar No. 333177)
**BAKER & HOSTETLER LLP**
1735 Market Street, Suite 3300
Philadelphia, PA  19103-7501
Telephone: 215.568.3100
Facsimile: 215.568.3439
Email: emcandrew@bakerlaw.com
Email: nfreeman@bakerlaw.com

*Attorneys for Defendant Financial Business and Consumer Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing Suggestion of Bankruptcy for Financial Business and Consumer Solutions, Inc. and Notice of Automatic Stay of Proceedings to be electronically filed with the Court using CM/ECF, which will provide copies to all counsel of record.

Dated August 29, 2024                    /s/ *Nathalie A. Freeman*
                                         Nathalie A. Freeman

                                         *Attorney for Defendant Financial Business and Consumer Solutions*